No. 19,022.

IDA JANE ROGERS, *Appellant*, v. RAY VICTOR ROGERS, *Appellee.*

### SYLLABUS BY THE COURT.

MINOR CHILDREN—*Abandonment by the Father—Liable to the Mother for Children's Support.* A man who abandons his wife and four small children, leaving them destitute in her care, remaining absent in another state and contributing nothing to their support although able to do so, is liable to respond to an action brought by her after she has obtained a divorce to recover her expenses in supporting the children after the abandonment and before the divorce.

Appeal from Linn district court; CHARLES E. HULETT, judge. Opinion filed October 10, 1914. Reversed.

*James D. Snoddy,* of Pleasanton, and *Frank J. Merrill,* of Paola, for the appellant.

*Charles F. Trinkle,* and *W. B. Cline,* both of La Cygne, for the appellee.

The opinion of the court was delivered by

BENSON, J.: This action is a traveling mate of *Rogers v. Rogers, ante* p. 108. A judgment was rendered for the defendant on the pleadings.

The petition alleges that the defendant left the plaintiff's home in Linn county on April 18, 1908, for Mon-

tana, where he has ever since resided, leaving his four minor children, then ranging from five to nine years of age, in her care without providing any means for their maintenance, support and education, and has since contributed nothing for these purposes, although able to do so; and that the plaintiff maintained and sup-ported the children from the date of such abandonment. to the 17th day of April, 1912, at an expense of $250 per year, for which she asks judgment.

The answer pleads that the parties were husband and wife during the time between the dates mentioned in the petition; that the plaintiff is the mother of the children; that he never promised or agreed to pay her for supporting them; and that she never demanded such compensation before commencing the action, but assumed the care and custody of the children to the exclusion of the rights of the defendant to their society, and thereby assumed all obligations for their support and maintenance. The answer also pleads a judgment for divorce obtained by the plaintiff against the defendant in the same court on the 17th day of April, 1912, and avers that in her petition in that suit she alleged that she had had the actual custody of the children ever since April 18, 1908, and that she and the children were from that time wholly dependent on her mother for support, and charged the defendant with gross neglect of duty; that the action for divorce was tried on April 17, 1912, and the averments of the petition were found to be true and she was awarded a divorce accordingly and a one-tenth interest in certain lands as alimony.

In her reply the plaintiff alleges an obligation of the defendant to provide for his children; that he had abandoned them and stealthily left the state, leaving them in her care, and had wholly neglected to provide for them; that she had not voluntarily assumed the burden of their maintenance, but the burden had been thrust upon her by his misconduct; that she did not deprive

him of the society and comfort of the children nor of any right relating to them.

It will, be observed that by setting out the allegation of Mrs. Rogers in the divorce suit that she was compelled to and did obtain support for herself and children from her own mother and the finding of the court that it was true, the defendant sustains the plaintiff's contention that he left his children without means of support, and that she had no means of her own.

The question presented is whether a father who has abandoned his children of tender years, leaving them destitute in the care of their mother, who is without means, is liable to respond to her action, brought after she has obtained a divorce for his fault, to recover the expense of such support furnished by her efforts during the time between the abandonment and the divorce. The statement of the proposition suggests an affirmative answer to a mind moved by the ordinary sense of common justice, but it is contended that the precedents require a negative one. The following decisions of this court, it is said, declare that an action of debt can not be maintained by a mother of minor children against their father for their support unless the father has promised payment. (*Harris v. Harris*, 5 Kan. 46; *Chandler, Adm'r, v. Dye*, 37 Kan. 765, 15 Pac. 925; *Miller v. Morrison*, 43 Kan. 446, 23 Pac. 612; *Hampton v. Allee*, 56 Kan. 461, 43 Pac. 779.)

All these decisions and others were carefully examined in *Riggs v. Riggs*, 91 Kan. 593, 138 Pac. 628, and need not be reviewed here. It only remains to apply the rule of that decision to the facts here presented. After discussing the former decisions, it was said in the opinion in that case:

"The court did not have in mind the case of a father who absconds from the jurisdiction of the divorce court and so precludes the burdened mother from resorting to it for relief. The obligation of the father being personal, it must be enforced where he can be found or property belonging to him can be appropriated. But

Rogers v. Rogers.

since the obligation does exist, and exists in favor of the mother, the law is not so impotent as to leave her remediless." (p. 597.)

In one respect this case differs from the Riggs case. Here the action is to recover for the expense of furnishing support after the abandonment and before the divorce. There it was for such expenses incurred after the divorce. This difference, however, adds to, rather than detracts from, the justice of the plaintiff's claim. During the time referred to the father was not released from the duty of caring for his children, nor precluded from having a voice in determining what expenses should be incurred. The wife had not voluntarily assumed the sole responsibility for their support. That was forced upon her by his misconduct. In the Harris case, which the others, reviewed in the Riggs case, undertook to follow but enlarged, the suit was in the form of debt, and it was said that relief could be obtained by opening the decree or by proceedings based thereon in which the court could take into consideration all the facts and circumstances surrounding the parties and do full justice as the case might require. Applying that rule it was held in the Riggs case that an independent action might be brought in a jurisdiction where the defendant could be summoned in which the same considerations would apply and relief could be obtained. If this were a question of the support of the children after the divorce, the parties being in the jurisdiction of the court granting the divorce, the question might arise whether a motion to open the decree would not be the more appropriate remedy. This, however, is a mere matter of the form of procedure. The parties are the same and they are in the same court, and in the absence of any showing or suggestion of any complications which could better be determined in the former action, no reason appears why relief should not be given in this action.

There is nothing upon the face of the pleading indicating that the small fractional interest in real estate

set apart to the wife as alimony in the divorce case was intended to reimburse her for her expenses in caring for the children before the divorce. If the court could in granting a divorce upon publication service only, have rendered a personal judgment against the defendant for expenses incurred in supporting his children, there is no claim that such relief was sought or given. No ground of estoppel appears.

The property awarded as alimony is shown in the report of the companion case of *Rogers v. Rogers,* ante, p. 108.

The plaintiff's claim rests upon considerations appealing strongly to the conscience of the court. A mother was left in care of four children under nine years of age without any means of support. Abandoned by her husband, she was forced to fight the battle as best she could. Remaining beyond the jurisdiction of the court he refused to aid in the struggle. Following the principles declared in the Riggs case and the promptings of justice, no rule of law forbidding, the apparently modest demand of this mother upon the father of these children must be sustained. Upon the case presented by the pleadings his liability can not be doubted.

The judgment for the defendant on the pleadings is reversed, and the cause is remanded for further proceedings.