# CAWLEY v. CAWLEY.

No. 3664.   Decided November 14, 1921.   (202 Pac. 10.)

1. DIVORCE—NOT GRANTED BECAUSE PARTIES ARE MISMATED AND CANNOT CONTINUE MARITAL RELATION.  A divorce cannot be granted where plaintiff has failed to show any grounds therefor and defendant expressly concedes that she does not desire to be divorced, although the conduct of plaintiff has been such that defendant wife is entitled to a divorce, and the parties are mismated and cannot continue their marital relation.

2. DIVORCE—PLAINTIFF IN DIVORCE CASE CANNOT COMPLAIN OF FAILURE OF TRIAL COURT TO MAKE SPECIAL FINDINGS.  Plaintiff in divorce case cannot complain that trial court erred in not making specific findings, merely finding that the statements contained in the complaint were untrue and dismissing the complaint, such proceedings being highly equitable and all the evidence being certified to the Supreme Court, which may make findings or direct what they shall be, and, if the findings are insufficient or incomplete, make them conform to the evidence; it being clear under the evidence that plaintiff was not entitled to a divorce.

3. DIVORCE—TRIAL COURT GIVEN MUCH LATITUDE AS TO ALIMONY.  In making allowance for alimony and for separate maintenance, much latitude is given to the trial court, and such alimony, unless grossly excessive or grossly inadequate, should not be interfered with on appeal, since for these purposes the case alway remains open, and the trial court may at any time, upon proper application and for good cause shown, give relief where for any reason the conditions have changed, and may require a modification or change of the allowance made.

4. DIVORCE—HUSBAND MUST PROVIDE MEANS FOR MAINTENANCE AND EDUCATION OF CHILD.  Where wife is given separate maintenance and the custody of a child, the responsibility of rearing and training the child rests with the mother, but the duty to provide the means for its maintenance and education must remain with the father.

Appeal from District Court, Third District, Salt Lake County; *J. W. Stringfellow*, Judge.

Action by John E. Cawley against Eva A. Cawley. Decree for defendant, and plaintiff appeals.

AFFIRMED.

*Wm. H. Bramel,* of Salt Lake City, for appellant.

*Frederic C. Loofbourow,* of Salt Lake City, for respondent.

FRICK, J.

The plaintiff commenced this action against the defendant in the district court of Salt Lake county to obtain a divorce from the defendant. The defendant filed her answer, in which she either denied or explained plaintiff's charges against her, and, in a counterclaim, preferred charges against him, which we shall not repeat here, either in whole or in part, and prayed that she be given separate maintenance as provided by our statute.

The district court, after hearing the evidence produced by both sides, in substance found that the charges preferred by the defendant against the plaintiff were sustained; that she was compelled to live separate and apart from her husband entirely through his fault, and that in view that she was averse to being granted a divorce from the plaintiff she should be given the custody and control of her infant child, a girl of the age of 13 months at the time of trial; and that she be awarded separate maintenance for herself and child as contemplated by our statute. The court determined the amount to be paid and the times of payment by plaintiff to the defendant, and also allowed her $200 as an attorney's fee. The court, without making specific findings respecting the charges contained in plaintiff's complaint, simply found that the charges were not true, or that they "did not exist," and ordered his complaint dismissed. A decree in favor of the defendant, containing the foregoing provisions, was accordingly entered, from which the plaintiff appeals.

While numerous errors were assigned by plaintiff, yet only

a few propositions are argued in his brief. It is seriously
contended by plaintiff's counsel that the district court erred
in refusing to grant plaintiff a divorce. We have carefully
read all of the charges contained in the pleadings, and have
not only read but have carefully considered, all of the evi-
dence produced at the trial for and against the charges of
both parties. After doing so we are forced to the conclusion
that both the plaintiff and defendant seem to be endowed
with more than average intelligence, and that the record con-
tains abundant evidence that the defendant is a woman of
culture and refinement, possessing strong traits of womanly
character, while the plaintiff, although not wholly devoid of
culture and refinement, nevertheless falls far below defend-
ant's standard in that regard. He also seems to be afflicted
with a quick and uncontrollable temper and with a morose
and moody disposition. For obvious reasons we shall refrain
from stating the evidence, which abounds with criminations
and recriminations. If we undertook to state the evidence we
would be compelled to publish many things that would be of
no benefit to either bench or bar and could subserve no good
purpose whatever. To publish the evidence in this case and
make it a permanent record in our official reports could only
result in doing an unnecessary thing and one which, in after
years might easily become a constant source of regret to both
parties and their friends, while benefiting no one. Moreover,
we are thoroughly convinced that the defendant did all with-
in her power to prevent the airing of the domestic infelicities
of herself and her husband in the courts and thus to keep
them from becoming public for all of which she is to be com-
mended. We shall therefore merely state such conclusions
as we deem necessary.

It may be that if the defendant had refused to answer
plaintiff's numerous charges and had failed to appear in the
action, that upon his evidence alone the court might have
granted him a decree of divorce. When the defendant came
into court, however, and denied plaintiff's accusations and
made full explanation respecting the true situation and sup-
plemented her denials and explanations with countercharges

which she established by credible evidence at the trial, the district court could not grant the plaintiff the divorce he sought, for the simple reason that he had utterly failed to establish his charges. The court therefore did not err in refusing to grant him a divorce as contended for by counsel.

While, upon the other hand, the defendant, by an abundance of evidence, proved that the plaintiff, in view of her condition, was guilty of exceedingly harsh conduct and of cruel treatment, causing her much physical pain and much mental anguish which would have entitled her to a divorce, yet, in view that she in her counterclaim did not pray for a divorce, and at the trial frankly conceded, giving her reasons therefor, that she did not desire to be divorced from the plaintiff, the court was bound to respect her wishes in the matter and limit the relief in her behalf to separate maintenance. While it may be true, as plaintiff's counsel with much vigor contends, that the evidence is replete with facts from which it must be clear to all that the plaintiff and the defendant are mismated and cannot continue their marital relations, and, for that reason, in the long run, it would be better for society, better for the parties, and better for all concerned that they be divorced and their unfortunate misalliance be ended, yet, in view of the fact that the plaintiff is the transgressor and the defendant is compelled to live separate and apart from him without fault on her part, and in view that she declines to be divorced although entitled to a divorce, she cannot be coerced into assuming a status she declines to enter, namely, that of a divorcee. The district court was therefore powerless to grant plaintiff's request, and, for the same reason, we are powerless to do so.

It is only fair to counsel who represents the plaintiff in this court to state that he did not participate in the trial of the case. Both the plaintiff and the defendant were, however, represented by able counsel in the lower court, and are so represented here. Nothing was omitted, either in the court below or in this court, which would have shed any light upon the unfortunate circumstances that surrounded the parties to this proceeding.

Plaintiff, however, insists that the district court erred in not making specific findings respecting the charges in his complaint. It is true that the court omitted to make specific findings, and merely found that the statements contained in the complaint were untrue, and upon that finding dismissed the complaint; yet it is also true that, in view of the fact that divorce proceedings are highly equitable, in equity cases, where the evidence is all certified to this court, as was done in this case, we may make findings or direct what they shall be, or, in case the findings are insufficient or incomplete, make them conform to the evidence. In view, therefore, that under the evidence in this case the findings would necessarily have to be against the plaintiff, he was not, nor could he have been, prejudiced by the omission of the court to make specific findings.

Finally, it is contended that the court made excessive allowances to the defendant for the separate maintenance of herself and her child. We have carefully scrutinized the evidence, and, in view of the defendant's condition and circumstances, we are again forced to the conclusion that the allowances made by the court are not such as would authorize us to interfere with the judgment in that regard. In making allowances for alimony and for separate maintenance much latitude is given to the trial courts by our statute. Such allowances, unless grossly excessive or grossly inadequate, should not be interfered with by this court. For those purposes the case always remains open, and the trial court may at any time, upon proper application and for good cause shown, give relief where for any reason the conditions have changed, and thus may require a modification or change of the allowances made. In this case, however, the parties have, by proper stipulations agreed upon a modification of the allowances as made by the district court, which modifications have for a long time been and are now in force and effect. The modifications, in view of the circumstances, seem to us to be both reasonable and fair. When men assume the obligations of the marriage relation the law requires them to meet those obligations in good faith and in

full measure.    This is especially true where, as in this case, it becomes necessary to provide for the care, maintenance, and nurture of an infant child.   In such a case the whole burden must not be cast upon the mother.    While with **4** her must rest the responsibility of rearing and training the child, the duty to provide the means for its maintenance and education must remain with the father, regardless of his wishes in the premises.

For the reasons stated we are persuaded that the judgment of the lower court is right, and that it should be, and it accordingly is, affirmed.   Defendant's friends having paid for printing her brief, plaintiff is not to be taxed with the cost of printing her brief.   All other costs are to be taxed against him.

CORFMAN, C. J., and WEBER, GIDEON, and THURMAN, JJ., concur.