311 P.2d 788

**Virginia REES, Plaintiff and Respondent,**

**v.**

**George H. ARCHIBALD, Defendant and Appellant.**

No. 8619.

Supreme Court of Utah.

May 27, 1957.

4. Myers v. Myers, 62 Utah 90, 218 P. 123, 30 A.L.R. 74.

5. 157 A.L.R. 170 et seq.

Backman, Backman & Clark, Salt Lake City, for appellant.

George E. Bridwell, Salt Lake City, for respondent.

CROCKETT, Justice.

This is a suit against George Archibald for hospital services rendered to his 16-year-old son, Keith, whose custody had been awarded to defendant's former wife by an Idaho divorce decree some years past. Plaintiff, Virginia Rees, sued as assignee of the account, which had been forwarded from Idaho for collection. No witnesses were called and the case was submitted upon documentary evidence of hospital and medical services and a stipulation that their reasonable value was $1,-372.42. From adverse judgment defendant appeals.

 Defendant first contends that because of the absence of any such requirement in the decree, he is not liable for the support of his child. While a few courts have reasoned that support is reciprocal, and that a father should be relieved when he loses the services and companionship of his children, [1] the great weight of authority is that a father's obligation to support his minor children is not changed by a divorce decree which gives the custody of the children to the wife, but does not mention their support. [2] We think the latter rule is the better considered and approve it because it gives primary consideration to the rights and needs of the children. This court has invariably emphasized the father's obligation to support his children based upon the elementary principle that the law imposes upon those who bring children into the world the duty to care for and support them during their minority and dependency. [3]

In accord with this is the expression of the court in Cawley v. Cawley: [4]

"When men assume the obligations of the marriage relation the law requires them to meet those obligations in good faith and in full measure. This is especially true where, as in this case, it becomes necessary to provide for the care, maintenance, and nurture of an infant child. In such a case the whole burden must not be cast upon the mother. While with her must rest the responsibility of rearing and training the child, the duty to provide the means for its maintenance and education must remain with the father, regardless of his wishes in the premises."

And in Cooke v. Cooke, [5] where an unsuccessful habeas corpus proceeding was instituted by a father to get custody of his 5 year old daughter, the divorce decree having been obtained earlier in Nevada by the wife, awarding custody of the child to her, the court said:

"Though the plaintiff [father] be denied and defendant [mother] awarded the custody of the child, he still owes a clear, legal duty within his means to support and maintain the

1. See Brown v. Brown, 132 Ga. 712, 64 S.E. 1092.

2. See Annotations, 15 A.L.R. 569, 81 A.L. R. 887, 7 A.L.R.2d 491; Keezer, Marriage & Divorce, § 727 (3d Ed.); 27 C.J.S. Divorce § 319c; 17 Am.Jur., Divorce & Separation, § 693.

3. See Hulse v. Hulse, 111 Utah 193, 176 P.2d 875; Jenkins v. Jenkins, 107 Utah 239, 153 P.2d 262; Cooke v. Cooke, 67 Utah 371, 248 P. 83; Cawley v. Cawley, 59 Utah 80, 202 P. 10. Cf. the policy of

our law as reflected in 30–2–9, U.C.A. 1953, which provides: "The expenses of the family and the education of the children are chargeable upon the property of both husband and wife or either of them, and in relation thereto they may be sued jointly or separately." This statute was not cited nor relied on by plaintiff, nor do we use it as a basis for this decision.

4. 59 Utah 80, 202 P. 10, 12.

5. 67 Utah 371, 248 P. 83.

child, or at least to contribute toward its support. Had issues in such respect been here tendered, which were not done, the plaintiff, within the jurisdiction of the court, could be compelled to support and maintain the child, though its custody be left with or awarded to the defendant."

The contention of the defendant that he is not responsible for the expenses of care given his child may have merited consideration if the decree had actually adjudicated the matter of support of the child by ordering him to pay a specific amount each month or by relieving him of that duty. [6] The very sparse record before us does not disclose any reason why the defendant should be relieved of his duty of support, and this is more particularly so because it does show that the divorce was granted on the grounds that he deserted his family and there is no indication that the court had in personam jurisdiction over him to adjudicate the matter of support. That being so, his responsibility to provide for his child was not affected by the decree.

The second point urged by defendant is that even if he should be held liable for the child support, the evidence does not justify a judgment to the extent of the $1,372.42 worth of hospital and medical services. The law is well settled that a father is liable, even in the absence of express contract, to a third person furnishing necessities to his child.[7] It is true that the stipulation requested by plaintiff's counsel, perhaps by inadvertence, did not include the fact that such services were necessary. However, it was established that defendant's son was injured in the accident and that the charges which included hospital room, surgery, X-rays, laboratory, medications, dressing, casts and blood transfusions were reasonable. It is hardly to be supposed that services of the character just described were furnished just to be whiling away the time or for the amusement of the boy or those rendering them; nor yet for the purpose of compelling an estranged father, who was in another state and apparently not providing for his child anyway, to pay some unjustifiable expenses. It lay within the province of the trial court to find not only the facts contained in the stipulation, but also to draw reasonable inferences arising therefrom.[8] The finding that the services were necessary falls well within the ambit of that rule.

The final contention advanced by defendant is that in any event, the mother is jointly liable for the bill, and that there is no evidence to show that any demand has been made upon her, nor that she has not paid part or all of it. We find no merit in this contention. In cases of joint

6. However, there is a split of authority on this point. See 7 A.L.R.2d 491.

7. 67 C.J.S. Parent & Child, § 16.

8. 32 C.J.S. Evidence, § 1044.

obligation, demand upon one is not a condition precedent to asserting the claim against the other. And further, once a debt is established, payment is an affirmative defense which must be pleaded and proved by the party asserting it. [9]

Affirmed. Costs to respondent.

McDONOUGH, C. J., and WADE, WORTHEN and HENRIOD, JJ., concur.

9. Rule 8(c), Utah Rules of Civil Procedure.