Margaret REEVES and State Division
of Family Services, Plaintiffs
and Appellant,

v.

Ray Willis REEVES, Defendant
and Respondent.

No. 14511.

Supreme Court of Utah.

Nov. 26, 1976.

Vernon B. Romney, Atty. Gen., Stephen G. Schwendiman, Asst. Atty. Gen., Salt Lake City, for plaintiffs and appellants.

Lauren N. Beasley, Randy S. Ludlow of Cotro-Manes, Warr, Frankhauser & Beasley, John D. Russell, Salt Lake City, for defendant and respondent.

CROCKETT, Justice:

This is an action for divorce originated by plaintiff, Margaret Reeves, against defendant, Ray Willis Reeves. The State Division of Family Services (herein Family Services) entered an appearance as a party plaintiff,[1] seeking reimbursement for public assistance money it had expended on behalf of plaintiff and the parties' minor child. Upon trial to the court it granted judgment for reimbursement for the support of the child at the rate of $55 per month, totaling $457.50, but refused to grant judgment based on reimbursement for support of the plaintiff wife. The State Appeals challenging the latter ruling.

The Reeves were married in August, 1974. In October of that year, they separated and in December, 1974, plaintiff commenced this action for divorce. In June, 1975, the child was born. Beginning in January, 1975, plaintiff had begun receiving public assistance, which has amounted to $2,418. In July, 1975, plaintiff executed an agreement and assignment subrogating Family Services to her rights to support from defendant.

In August, 1975, defendant was informed of the fact that his wife and child were receiving public assistance. He made one payment of $37.50 to the State, but failed to make any payments thereafter. In Jan-

---

1. See Sec. 78–45–9, U.C.A.1953; but see what appears to be a preferable procedure of filing a separate action for reimbursement. *State Division of Family Services, et al. v. Clark, et al.*, 554 P.2d 1310 (Utah 1976).

uary, 1976, the State joined in this action seeking the relief and obtaining the judgment as stated above.

No issue is raised here concerning the court's award of reimbursement for the support of the child. Appellant Family Services sought that judgment and the defendant does not question his responsibility to support his child, nor does he contest the propriety of the judgment against him for reimbursement for that support.[2] But, in defense of the trial court's refusal to enter judgment for support of the plaintiff wife against him, defendant argues that this cannot properly be done in this action until the issue as to his liability to pay her alimony or support money in the divorce action is adjudicated and a decree entered thereon. The trial court appears to have been persuaded that there is merit in that argument and we agree.

In that regard we observe that there is a definite distinction between the issue in controversy here, where the State has attempted to intervene in a divorce action to obtain reimbursement for support of a wife, prior to any trial or adjudication therein as to whether she is entitled to alimony or support money for herself, as contrasted to the State seeking reimbursement for support already furnished to children. The children are unconditionally entitled to support from their parents;[3] and the State is authorized by law and should be encouraged and aided as a matter of public policy to see that that responsibility is borne by them, both initially and in any necessary subsequent proceedings.[4]

But the entitlement of the wife (or either spouse for that matter) to have her husband provide her alimony or support in the divorce proceeding may well depend on what develops, what evidence may be adduced and what the trial court decides in that proceeding.

Inasmuch as the right of the wife to support or alimony from her husband has not yet been determined in this divorce action, it is thus conjectural. We therefore agree with the ruling of the trial court that Family Services has shown no proper foundation to base a judgment against defendant for reimbursement for support of plaintiff Margaret Reeves prior to an adjudication on that issue.

Affirmed. No costs awarded.

ELLETT, MAUGHAN and WILKINS, JJ., concur.

HENRIOD, C. J., concurs in result.

---

2. *Bartholomew v. Bartholomew*, 548 P.2d 238 (Utah 1976).

3. See Sec. 78–45–3, U.C.A.1953, as to duty of the father and Sec. 78–45–4 as to duty of the mother.

4. See *Barrett v. Barrett*, 44 Ariz. 509, 39 P.2d 621; *Rees v. Archibald*, 6 Utah 2d 264, 311 P.2d 788.