Maxine L. MECHAM and the State of Utah, by and through Utah State Department of Social Services, Plaintiffs and Appellant,

v.

Richard Lynn MECHAM, Defendant and Respondent.

No. 14910.

Supreme Court of Utah.

Sept. 28, 1977.

---

3.  10–7–10, U.C.A., 1953 as amended.

4.  10–8–14, U.C.A., 1953 as amended.

Robert B. Hansen, Atty. Gen., Stephen G. Schwendiman, Asst. Atty. Gen., Salt Lake City, for plaintiffs and appellant.

Mark S. Miner, Salt Lake City, for defendant and respondent.

MAUGHAN, Justice:

Before us is an order which dismissed plaintiff's complaint. The trial court correctly interpreted the law, and we sustain its judgment.

Maxine L. Mecham filed a complaint for divorce on July 6, 1973. Defendant husband, was served August 30, 1973. In the complaint, plaintiff sought temporary alimony and child support. A decree of divorce was entered March 15, 1974. The record does not indicate that plaintiff pursued her demand for temporary alimony or support. The decree provided:

> The plaintiff is hereby ordered, adjudged and decreed to be denied any right whatsoever to alimony for the past the present or the future forevermore, as

the right to alimony is affected by the marital relationship existing between the parties to this action. . . .

> . . . Both the plaintiff and defendant are hereby ordered to assume and pay any and all debts incurred by themselves respectfully (sic) since the filing of the divorce complaint in this matter and to hold the other party free from harm thereon.

The decree further ordered defendant to pay plaintiff $75 per month as child support for the parties' minor child.

In August 1973, Maxine Mecham began receiving welfare payments from the Department of Social Services for both herself and the child at the rate of $162.00 per month. She continued receiving these payments through September 1974. The Department of Social Services filed a complaint, which was served on March 5, 1975, pleading for reimbursement for the welfare payments made to Maxine Mecham. The department's claim was predicated on Section 78–45–9, U.C.A.1953, as amended 1975, which grants it the right to proceed on behalf of the obligee to enforce the right of support against the obligor.

The trial court dismissed the action without prejudice to plaintiff's right to intervene in the divorce action, so the department might proceed to enforce any rights Maxine Mecham might have against Richard Mecham for nonpayment of the support ordered, and to the extent to which the state might be entitled under the divorce decree.

However, in regard to the right of reimbursement for the sums paid in the interim between the filing of the divorce complaint and the entry of the decree, the trial court ruled:

> . . . There is a distinction to be drawn between the statutory 'duty' of support and the statutory proceedings under which the amount of that support is to be fixed. If not otherwise fixed as in a divorce decree or a similar judgment, the amount to be paid by an obligor may be determined either by court proceed-

ings under Chapter 45 [Title 78] or by administrative procedures under 45(b) [45b]. In either case the department may proceed on behalf of the obligee. But in neither case can the department proceed to get a judgment against one owing a duty of support for welfare handouts when there has been no prior determination of the amount of support to be paid, and particular[ly] where, as in the case before the court, there has been a decree of divorce previously entered fixing the amount of support and/or alimony to be paid.

■ The trial court in its ruling stated that in the decree of divorce entered on March 15, 1974, the court had ordered defendant to pay Maxine Mecham $75.00 per month child support and that he should pay no alimony. The trial court ruled the divorce decree fixed the amount to be paid under defendant's duty of support, and no further proceedings are required or allowed to otherwise change that determination, except a petition to modify the divorce decree because of a change of circumstances. The trial court ruled that a complaint under Chapter 45 of Title 78 is not the proper procedure to modify a decree of divorce. We agree.

■ Under Chapter 45, Title 78, the duty of support of the obligor is to the obligee. The state department of Social Services has only the right to enforce the amount of support which is due the obligee from the obligor.[1] The department may not unilaterally determine that amount and then enforce the right of reimbursement by an action under Chapter 45. Under Chapter 45, the district court determines the amount due for support, after considering the relevant factors, some of which are specified in Section 78–45–7.

■ As to reimbursement for the support furnished to Maxine Mecham, the department's rights are derivative and no greater than Maxine's rights. In her complaint, Maxine pleaded for temporary alimony. In the decree, she was denied past and present alimony; defendant's duty of support was determined, and the matter is res judicata. The department cannot file a complaint one year after a court has determined the amount of support (in this case nothing), and demand reimbursement under Chapter 45. The same principle applies to the child support which accumulated prior to the date of the decree, March 15, 1974. Maxine had pleaded in her complaint for temporary child support; there was no provision made in the decree for any sum expended for the support of the child from August 1973 to March 15, 1974. Maxine also had a duty to support the child, Section 78–45–4. Under the decree, she was ordered to assume and pay any and all debts she had incurred since the filing of the complaint and to hold her husband harmless. Maxine did not seek in the decree any sum for reimbursement for the money she had expended for the support of the child, although she had put the matter in issue in her pleading. The rights of the department are derived through Maxine—the matter is res judicata.

WILKINS, and HALL, JJ., concur.

CROCKETT, Justice (dissenting).

It is important to bear in mind that this is not a suit in which the Department of Social Services joined with the plaintiff in a divorce action. It is one in which the Department brought its own and separate action for reimbursement for reasonable support it had furnished to the defendant's family in necessitous circumstances. Whatever rights it has and asserts in its own

1. Sec. 78–45b–1 et seq. was enacted in 1975 and went into effect May 13, 1975 and Sec. 78–45–9 was amended to its present form. At the time the department paid Maxine and the date the department filed its complaint, Sec. 78–45–9, provided: "The obligee may enforce his right of support against the obligor and the state department of [public welfare] may pro-

ceed on behalf of the obligee to enforce his right of support against the obligor. Whenever the state department of welfare furnishes support to an obligee, *it has the same right as the obligee to whom the support was furnished, for the purpose of* securing reimbursement and of obtaining continuing support. . . ."

separate action should not be in any way dependent upon nor adversely affected by any determination made in the divorce action, to which it was not a party; likewise, the adjudication of any issue in the other action is not res judicata in this action.[1]

The issue involved here is the right of the Department to reimbursement for support furnished the wife, Maxine Mecham, during the time of the marriage and prior to the granting of the divorce. (Inasmuch as the defendant's duty to support her was terminated by the divorce decree on March 15, 1974, no contention is made of the Department's entitlement to reimbursement from defendant for support furnished after that date.)

It is so plain as to be uncontestable that under the common law the husband and father always had a duty to support his family, both his wife and children;[2] and that under our statutory law, both husband and wife have a duty to support each other and their children.[3] It is also well established that where such dependents are left in hunger, or in want of the necessities of life, anyone who comes to their rescue and supplies their needs has a right to reimbursement from the one who had the legal duty of support.[4] Therefore, the Department or anyone else who so comes to the rescue should be able to furnish necessities and seek reimbursement therefore.[5]

It also should be borne in mind that the purpose of the Uniform Civil Liability for Support Act[6] was to provide a means for compelling those responsible to support their families. Particularly Section 78–45–9[7] was intended to increase and facilitate the ability of the Department to compel such support by obtaining reimbursement for support it had furnished. There is nothing in the language of the statute which indicates or intimates an intent to abrogate or diminish the Department's ability to accomplish that objective. On the contrary, both its purpose and its permissive language made it abundantly clear that the statute was not intended to limit or curtail the already existing right of reimbursement. This is expressly set forth in Section 78–45–12 which provides: "The rights herein created are *in addition to and not in substitution to any other right.*" [Emphasis added.]

The above-cited rules of statutory and decisional law relating to the duty of the father to support his family and the right of one who supplies necessities to seek reimbursement from him arise out of social necessity and sound public policy. If rescuers could not seek reimbursement, they would be discouraged from doing so and families may be left in dire need.

*State Division of Family Services v. Clark,* supra; *Strafford v. Field,* 70 Idaho 331, 218 P.2d 338 (1950); *West v. West,* 114 Okl. 279, 246 P. 599 (1926); *Rogers v. Rogers,* 93 Kan. 114, 143 P. 410 (1914); 41 C.J.S. Husband and Wife § 50; 67 C.J.S. Parent and Child § 16.

1. 60 A.L.R.2d at 59.

2. *Rees v. Archibald,* 6 Utah 2d 264, 311 P.2d 788 (1957); *State Division of Family Services v. Clark,* Utah, 554 P.2d 1310 (1976); *Barrett v. Barrett,* 44 Ariz. 509, 39 P.2d 621 (1934); 67 C.J.S. Parent and Child § 15; 41 C.J.S. Husband and Wife § 15.

3. Sec. 30–2–9, U.C.A.1953; Sections 78–45–3 and 4, U.C.A.1953.

4. See Sec. 78–45–9, U.C.A.1953 (Pocket Supp.); and also Sec. 78–45b–3, which provides: "Department of social services—Powers and duties.—(1) In the event that assistance is furnished by the department, the department shall become trustee of any cause of action of the obligee or any minor child in that obligee's custody, *to recover support due to that obligee* from any person *and may bring* and maintain the *action either in its own name* or in the name of the obligee." (Emphasis added); and see *Baggs v. Anderson,* Utah, 528 P.2d 141;

5. "A public authority that has supported a wife living apart from her husband has a common law remedy against the husband . . . The rule applies to support furnished to her as public assistance." 41 Am.Jur.2d, Husband and Wife, Sec. 350. See also 60 A.L.R.2d 7.

6. Chap. 110, S.L.U.1957, now in our code as Sec. 78–45–1 et seq., U.C.A.1953.

7. ". . . the state department of social services may proceed pursuant to this act or any other applicable statute, either on its own behalf or on behalf of the obligee, to enforce the obligee's right of support against the obligor."

Reflection will reveal the incongruity and impracticality of ruling otherwise. Suppose that because of independent wealth or income of a plaintiff mother, or by collusion or whatever cause, the court should decree in the divorce proceeding that the father should pay only $1 per year, or any other nominal award, for support of his wife, or of his child. Suppose further that conditions change and the latter become in hunger or want; and further, the Department (or anyone else) provided support to the extent of any amount that proved to be reasonable and necessary. It is conceivable that anyone would argue that the rescuer could only be reimbursed to the extent of $1 per month, because it was so determined in a divorce proceeding, to which the rescuer was not a party. It is submitted that the only answer comfortable to law, logic and justice is that the rescuer could proceed as expressly authorized under Section 78–45–9 to seek reimbursement for necessities it had furnished. The defendant father would of course be entitled to appear and defend and would be liable only for whatever was shown to be reasonable and necessary.

There is the further aspect of this problem to be considered. If the rescuer who has furnished necessities (in this instance the Department) can have his rights affected or cut off in the divorce proceeding, a high likelihood is that that will be done. The wife would have no incentive to seek an award for past support money. She would have been supported by the rescuer, (the Department); and any payments for past support that she was to receive would go to reimburse the Department, with no benefit to her. But since she may have the *right* to recover for such back support, she could propose to forego her claim to it in the divorce action in return for some other benefit. The result of this is that the parties could cheat the department out of its right to reimbursement, without the Department being a party to, represented in, or having anything to say about such collusion.

What has been said above confirms the reasoning that what happens in the divorce proceeding should not and could not properly have any adverse effect upon rights which had already been acquired by the Department during the time of the marriage and up to the time of the divorce. As above indicated, it is of course different after the divorce is granted and the defendant no longer has any duty to support the wife.

On the basis of what has been said herein, it is my opinion that the trial court improperly dismissed this action and that the defendant and the Department are entitled to a trial on the issues as to whether and how much it was reasonably required to furnish support to Mrs. Mecham when the defendant was responsible for her support, i. e., during the marriage and prior to the entry of the divorce decree.

I would remand for that purpose.

ELLETT, C. J., concurs in the dissenting opinion of CROCKETT, J.