Deborah Kim ROBERTS, and the State of Utah, By and Through Utah State Department of Social Services, Plaintiffs and Appellants,

v.

Robert Glen ROBERTS, Defendant and Respondent.

No. 15546.

Supreme Court of Utah.

March 6, 1979.

---

3. *Givan v. Lambeth*, 10 Utah 2d 287, 351 P.2d 959.

4. Utah, 533 P.2d 884.

5. See *Charlton v. Hackett*, 11 Utah 2d 389, 360 P.2d 176.

Robert B. Hansen, Atty. Gen., Salt Lake City, Ray E. Gammon, Deputy County Atty., Utah County, Provo, for the State.

Maxwell A. Miller, Provo, for Deborah Roberts.

Ronald R. Stanger, Provo, for defendant and respondent.

MAUGHAN, Justice:

This is an action by the State of Utah, through the State Department of Social Services for reimbursement of sums paid for the support of the minor child of Deborah and Robert Roberts prior to their divorce. The district court denied reimbursement on the basis of *Mecham v. Mecham*, Utah, 570 P.2d 123 (1977). We affirm in part and reverse in part. All statutory references are to U.C.A.1953, as amended.

The parties stipulated to the facts in this case, which are as follows. Plaintiff Deborah Roberts filed an action for divorce on July 11, 1977. She thereafter sought and received public assistance payments during August, September and October, 1977, amounting to $166 per month for the support of the minor child of plaintiff and defendant. On October 12, 1977, the divorce action was heard in the district court, but the matter of child support was reserved for hearing on October 25. The Utah State Department of Social Services filed a motion for joinder under Rule 19, and pursuant to a stipulation by the parties in open court on October 25, the court granted the motion to join the State as a plaintiff. The State asserts it is entitled to reimbursement for sums paid to defendant on behalf of the minor child prior to the entry of the court's order fixing the amount of child support to be paid defendant.

Defendant contends the State cannot be reimbursed for any sums paid before the entry of a court order fixing the amount of support money to be paid by defendant. All parties stipulated that if the State is entitled to reimbursement, the amount per month would be limited to the amount per month fixed by the district court as child support.

The trial court ordered defendant to pay $110 per month as child support, beginning in November of 1977, and held that, based upon *Mecham v. Mecham*, supra, the Department of Social Services was not entitled to any reimbursement for sums paid before the entry of the order.

*Mecham v. Mecham* involved a suit by the Department of Social Services, pursuant to 78-45-9, for assistance payments made to the wife for herself and a child. The payments were made both before and after the entry of the divorce decree on March 15, 1974. The decree denied any alimony to the wife, and ordered the husband to pay $75 per month prospective child support. We held the Department's right to reimbursement was no greater than the wife's right to support, and thus it could not begin an

action, after the entry of the decree fixing the alimony and child support to be paid, and seek amounts in excess of those provided for by the court. The Department was therefore prevented from obtaining any reimbursement for payments made to the wife, since no alimony was awarded by the court; no reimbursement was allowed for payments made on behalf of the child before the entry of the decree because the decree made no such provision.

*Mecham* does not prevent the State from ever obtaining reimbursement for sums expended by the State prior to a court decree. Rather, it merely holds the State's right to reimbursement is derivative of the person entitled to support, and is limited to the amount of support fixed by a court. Because the district court assessed no child support payments against defendant until after the effective date of the decree, the State was not entitled to reimbursement for those sums expended for the child before the decree.

In 1977, the Legislature added 78–45–7(3), which reads:

> (3) When no prior court order exists, the court shall determine and assess all arrearages based upon, but not limited to:
>
> (a) The amount of public assistance received by the obligee, if any;
>
> (b) The funds that have been reasonably and necessarily expended in support of spouse and children.

This amendment indicates an intent by the Legislature that the State be allowed to recover all sums expended by the State on behalf of an obligee spouse and children prior to a court order. Here, the State was made a party before the court's order fixing the amount of child support to be paid, and should be reimbursed for sums expended on behalf of the child.

However, the above amendment would constitute a denial of due process to the obligor spouse if the court assessed the obligor for all public assistance benefits received by the obligee, without considering relevant factors such as the relative wealth

and income of the parties; and the ability of the parties to earn income. Under 78–45–7(2), seven such factors are required to be considered in determining the amount of prospective support. Under the Public Support of Children Act,[1] which provides an administrative procedure for obtaining reimbursement for assistance payments made on behalf of minor children, similar factors must be considered in the hearing to determine the extent of the parent's liability for child support.[2] The assessment of arrearages under 78–45–7(3) must also be subject to a consideration of the same factors.

In this case, the district court, after consideration of the factors in 78–45–7(2), determined the amount of support to be $110 per month; the State is therefore to be reimbursed by defendant in that amount for assistance provided from August through October, 1977.

WILKINS, J., concurs.

HALL and STEWART, JJ., concur in result.

CROCKETT, Chief Justice (concurring in result).

I agree that the court having determined the reasonable and proper amount of support to be $110 per month, that is the amount for which the State Department of Social Services should be reimbursed in this case. However, I cannot agree with the proposition that "the state's right to reimbursement is derivative of the person entitled to support." Section 78–45–7(3) enacted in 1977 referred to in the main opinion does not so indicate. That statute, and the main opinion which recognizes the change in the law, both impress me as a commendable improvement over the law as declared in the *Mecham* case, which the opinion cites. But it is obvious that the intent and purpose of that statute was to supplement the right of the State to recover for support furnished to dependents, and not to any way limit or diminish it.

1. 78–45b–1 et seq.

2. 78–45b–6(2).

It is my opinion that the following proposition is incontrovertibly supported by law, logic and justice: that whenever dependents are left in necessitous circumstances, anyone who comes to their rescue (including the State Department of Social Services) has the right to reimbursement from the one who had the legal duty of support; and therefore the Department, or anyone else who so comes to rescue, should be able to furnish things which are reasonable and necessary for the sustenance of such a dependent and to obtain reimbursement therefor; and that this is true whether furnished before or after a decree of divorce and irrespective of whether there is one or not and without necessarily being bound by any adjudication to which the furnisher was not a party. See discussion and authorities cited in the dissent in the *Mecham* case.