[No. A016544. First Dist., Div. One. Dec. 31, 1982.]

THE STATE OF FLORIDA ex rel. DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Plaintiff and Respondent, v. MARLENE VERNON, Defendant and Appellant.

COUNSEL

John David Rothschild for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, William D. Stein, Assistant Attorney General, Thomas A. Brady and Gloria F. DeHart, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**ELKINGTON, J.**—The relevant factual and procedural context of the appeal before us may reasonably be condensed to the following.

The above-named defendant Marlene Vernon (formerly Marlene Downey) is the mother, and one Joel Downey the father, of two minor children. In the parents' State of California marriage dissolution proceedings of 1971, the father was awarded custody of the children and ordered to provide for their support. In 1976 the father placed the children with his mother; his whereabouts are apparently now unknown. Since then their physical custody had been with their paternal grandmother, Exie C. Downey in the State of Florida.* The State

---

*At the time there was a third minor child; he has since reached the age of majority and the instant action does not concern him.

of Florida acting through its Department of Health and Rehabilitative Services, the above-named plaintiff, determined that neither the mother nor the father was contributing to the children's support, and that the grandmother, although willing to care for them, was unable to provide financially for their support. The State of Florida accordingly took upon itself, under the federal "Aid to Families with Dependent Children" program (42 U.S.C. § 601 et seq.) the financial obligation of the children's support. The whereabouts of the father is apparently unknown to the mother or to the State of Florida.

While so supporting the children, the State of Florida commenced the instant action, February 2, 1981, against the mother, who is a resident of the State of California, under the Revised Uniform Reciprocal Enforcement of Support Act of 1968 (Code Civ. Proc., §§ 1650-1699). The action sought reimbursement for such future support of the children as the State of Florida would thereafter be obliged to pay.

The superior court found that the mother was under a legal duty to support the children, that she had the ability to do so, and that the sum of $150 per month was a reasonable amount therefor. It was thereupon adjudged that she pay the State of Florida the sum of $150 per month thereafter through the District Attorney of Sonoma County.

The appeal before us was taken by the mother from the judgment.

It is first contended that: "Absent an agreement by a parent to compensate a relative for voluntary support of the parent's children, neither the relative nor a governmental entity providing funds to the relative for those children pursuant to Title IV-A of the Social Security Act (AFDC) can recover from the non-custodial parent."

The mother misconstrues the nature of the State of Florida's action, and the circumstances upon which it was based. The complaint (called petition) alleged that the mother had never supported the children who were entitled to support from her. The relief sought was payment by the mother of monthly child support to the State of Florida. Evidence at the superior court hearing indicated that the State of Florida was paying the grandmother $165 a month for the support of the minor children.

The purpose of the action was patently to obtain partial or total reimbursement to the State of Florida for such sums as it would be obliged to pay for the needy children's support.

It is of no consequence the plaintiff of the action was entitled, or misentitled: "State of Florida, Department of Health and Rehabilitative Services, Child Support Enforcement Program and State of Florida, Department of Health and Rehabilitative Services *on behalf of* [*our italics*] *Exie C. Downey* [*the grandmother*]." The action, in effect was commenced by the State of Florida on its own behalf. ("The law respects form less than substance." Civ. Code, § 3528.) Nor is it of consequence that the State of Florida *may* hereafter elect to turn over the mother's support payments directly to the grandmother, and reduce its own support allowance accordingly.

We further analyze the instant contention.

California's Civil Code section 196, as amended 1981 (before the instant proceedings) provides: "The father and mother of a child have *an equal responsibility to support and educate their child* in the manner suitable to the child's circumstances, taking into consideration the respective earnings or earning capacities of the parents." (Italics added.)

As to the child, the statute, in effect, imposes a sort of joint and several obligation on the parents for support.

■ We discern no merit in the mother's argument, as we understand it, that she is somehow relieved of the children's support because the judgment of dissolution of her marriage required that the father alone be responsible for it. As between the parents, that direction is undoubtedly valid and judicially enforceable. And the mother may be entitled to reimbursement from the father for such sums as she is obliged to pay. But it does not in any way purport to abrogate the duty of either, or both, parents to support their needy children.

Code of Civil Procedure section 1671, provides: "If a state or a political subdivision furnishes support to an individual obligee, it has the same right to initiate an action under this title as the individual obligee for the purpose of securing reimbursement for support furnished and of obtaining continuing support."

Here of course the children were, and are, the individual obligees of the State of Florida for support. Under section 1671, it has been held, a state supporting a child, "occupies the same legal posture" as the child; in respect of its right to parental support it "may—and indeed should—turn to [either or both parental obligors] in order to seek reimbursement for the welfare funds spent for support." (*Richards* v. *Gibson* (1979) 90 Cal.App.3d 877, 883 [153 Cal.Rptr. 561].)

The mother's remaining contention is that: "California Civil Code section 196 requires the court to receive evidence of the respective earnings or earning capacities of each parent," and that the superior court not having done so, the judgment should be reversed.

As has been pointed out the State of Florida in here seeking support payments from the mother, stands in the same legal posture as the children. Nothing is seen in section 196 which would impose upon a child (or his representative ) the burden of finding, and then inquiring into the earnings of, a missing parent, before vindicating his entitlement to support from the other.

From these several considerations, we conclude that the judgment must be affirmed.

We are not without understanding, and sympathy, for the mother who under the circumstances of this case finds herself obliged to support children when a court had directed the father alone to do so. But we opine that the public policy clearly expressed by Civil Code section 196, that insofar as the rights of children are concerned, both father and mother have the responsibility for support, transcends such considerations. And the mother, as has been indicated, may seek appropriate relief from the father.

The judgment is affirmed.

Racanelli, P. J., and Newsom, J., concurred.