**Roseann Catt KARREN, Plaintiff and Appellant,**

v.

**STATE DEPARTMENT OF SOCIAL SERVICES, Defendant and Respondent.**

**No. 19215.**

Supreme Court of Utah.

April 3, 1986.

---

Lynn P. Heward, Salt Lake City, for plaintiff and appellant.

Jeffrey H. Thorpe, David L. Wilkinson, Atty. Gen., Paul M. Tinker, Asst. Atty. Gen., Salt Lake City, for defendant and respondent.

DURHAM, Justice:

This is an appeal from a trial court decision upholding an administrative order requiring plaintiff to reimburse the State Department of Social Services (DSS) for funds advanced by DSS to plaintiff's former husband for the support of their minor children. For the reasons stated below, we reverse.

In October 1972, plaintiff and her former husband obtained a divorce in the Circuit Court of Macomb County, Michigan. The decree provided for the custody, support, and maintenance of the couple's minor children. The father was awarded custody of two of the children, and plaintiff was awarded custody of the third child. The father was ordered to pay plaintiff $30 a week in support for the child in her custody, but the decree did not obligate plaintiff to pay support to him. Four months later, the child support provisions of the decree were modified in a separate order abating the father's duty to pay future child support to plaintiff and cancelling all arrearages due her. Again, no support obligation was imposed on plaintiff for the children in the custody of their father.

By March 1976, all three children were in the father's custody. From that month until March 1981, the father sporadically received aid from DSS. Subsequently, the Office of Recovery Services assessed child support arrearages against plaintiff. In an administrative determination, DSS found plaintiff legally obligated, pursuant to the Public Support of Children Act, U.C.A., 1953, § 78–45b–1 to –24 (Supp.1985) (the Act), to reimburse DSS for money it had advanced to plaintiff's former husband for the support of their three children. Plaintiff then filed in the district court for judicial review of the administrative order. That court affirmed the DSS decision and plaintiff appeals.

On appeal, plaintiff argues: (1) a parent's support obligation is res judicata where a divorce decree specifies that her former spouse must pay child support to her, but does not obligate her to pay support; (2) an increased support order may not be imposed on a divorced non-custodial parent retroactively; and (3) changes in court ordered support obligations may not be made through an administrative proceeding.

In *Mecham v. Mecham*, Utah, 570 P.2d 123 (1977), this Court affirmed the dismissal of an action to compel a husband to reimburse DSS under the Act for welfare payments made to his wife and child while divorce proceedings were pending. The Court held that where the wife had sought temporary child support in the divorce proceeding and the court's decree made no provision for such support, the matter was res judicata since the rights of DSS were derived from those of the wife.

Following *Mecham*, the Act was amended to provide that an obligee's right to child support is automatically subrogated and assigned to DSS upon the receipt of public assistance. U.C.A., 1953, § 78–45b–3 (Supp.1985). Also, DSS is entitled to notice of any action commenced for support by any obligee receiving public assistance. *Id.* § 78–45b–9(3) (Supp.1985).

In *Knudson v. Utah State Department of Social Services*, Utah, 660 P.2d 258 (1983), these amendments led to a modification of *Mecham*. Although *Knudson* was factually similar to *Mecham*, the Court held the divorce decree was not res judicata as to DSS's right to reimbursement for the

aid rendered during divorce proceedings because DSS had received no notice of the pending adjudication of support duties. As DSS held subrogated rights to the assessed child support payments under the statute, but was not given the notice necessary to intervene and enforce the support obligations, the Court held DSS could not be barred by res judicata.

In both *Knudson* and *Mecham,* DSS sought recovery of assistance rendered during the pendency of the divorce proceedings. In the present case, DSS assisted plaintiff's former spouse after the divorce decree was entered. Unlike the *Knudson* case, the divorce decree adjudicating support obligations in this case was entered prior to the payment of any assistance by DSS. DSS therefore had no interest in the support question at the time of the decree or the subsequent modification, and *Knudson* is not controlling.

The recent case of *Stettler v. Stettler,* Utah, 713 P.2d.699 (1985), is more applicable to the present case than *Knudson.* In *Stettler,* custody of the parties' daughter was awarded to the husband and a support order was entered. The order provided for payments by the wife to the husband on behalf of the daughter, but was silent as to the husband's duty of support. A year later, the daughter went to live with her mother. The parties stipulated to the change in custody but made no mention of a change in support obligations. Several years after obtaining custody, the wife sought modification of the original support order, asking at that time for retroactive support payments covering the period after she obtained custody of the daughter but before the motion for modification. In denying the wife's request for support money during the contested period, the Court stated:

> Defendant relies on U.C.A., 1953, § 78–45–7(3) (Supp.1984), which states in pertinent part:

When no prior court order exists, the court shall determine and assess all arrearages based upon, but not limited to:

> . . . .

> (b) the funds that have been reasonably and necessarily expended in support of . . . children.

This reliance is misplaced. While prior to March 1983, no court order existed establishing the amount of support owed by respondent to appellant for the benefit of Robyn, a court order did exist regarding support payments for the benefit of Robyn.

> . . . .

Robyn went to live with appellant in June 1982. Custody was transferred on the basis of stipulation of the parties in December 1982. The stipulation contained no provision for support modification, although the parties had ample opportunity to do so. The trial court approved the parties' stipulation transferring custody and entered an order based thereon without any modification of the child support agreement. This Court will not now remake the parties' agreement and require respondent to contribute to Robyn's support for the contested period, when the parties themselves, in their stipulation, did not see fit to include it.

(Emphasis omitted.) *Id.* at 702, 703.

▉ In the present case, as in *Stettler,* a valid court order exists setting forth support obligations regarding plaintiff's children. Though either party could have sought a modification of that order when physical custody of the children changed, neither attempted to modify the decree. Thus, under the holding in *Stettler,* plaintiff's former husband would be barred from obtaining support from plaintiff retroactively for periods in which he had custody. Since DSS holds only the rights of the party receiving payments,[1] a bar against reimbursement as to the ex-spouse also

---

**1.** In both *Mecham* and *Knudson,* the Court found that the right of DSS to reimbursement was derived from the spouse entitled to support, rather than from the child. *See Knudson,* 660 P.2d at 260; *Mecham,* 570 P.2d at 125.

prevents DSS from obtaining reimbursement.

■ Plaintiff's second claim is that even when a court modifies an existing support obligation, the modification cannot be applied retroactively, but only prospectively. In *Larsen v. Larsen*, Utah, 561 P.2d 1077 (1977), the trial court dismissed a motion for retroactive child support, finding that a prior order could not be modified to apply to periods of time in the past, no matter what the circumstances may have been since the divorce decree. This Court affirmed, holding that alimony and support payments become unalterable debts as they accrue, preventing change or modification after periodic installments have become due. *Id.* at 1079. Thus, only prospective modification of a support obligation is proper. *See also Bernard v. Attebury*, Utah, 629 P.2d 892 (1981).

■ In her last point on appeal, plaintiff contends that a change in a support obligation must be made through a court rather than an administrative proceeding. Section 30–3–5 (Supp.1985) grants to the court the power to enter child custody and support decrees, and also provides the courts with continuing jurisdiction to make subsequent changes or new orders for custody or support of the children. This section provides courts the ability to modify a support decree later on if circumstances change. *Christensen v. Christensen*, Utah, 628 P.2d 1297 (1981). Under the Act, DSS is given the power to collect unpaid support debts that accrue under existing court orders, and in some instances where no order exists. U.C.A., 1953, § 78–45b–4, –5. However, neither section grants the power to modify an already existing support order. The power to modify a decree is retained by the courts under section 30–3–5. Thus, DSS may not redetermine plaintiff's support obligation through an administrative proceeding.

The order of the trial court is reversed.

HALL, C.J., and STEWART, HOWE and ZIMMERMAN, JJ., concur.