Marsha Lee STARKS, aka Marsha Lee Beachler, Plaintiff,

v.

STATE of Utah, DEPARTMENT OF SOCIAL SERVICES, Defendant.

No. 860244–CA.

Court of Appeals of Utah.

Feb. 10, 1988.

Louisa L. Baker (argued), Utah Legal Services, Inc., Salt Lake City, for plaintiff.

David L. Wilkinson, Atty. Gen., Michael D. Smith, Chief, Civil Enforcement Div., Blaine Ferguson, Asst. Atty. Gen. (argued), for defendant.

## OPINION

Before BILLINGS, BENCH and ORME, JJ.

BILLINGS, Judge:

Plaintiff appeals from the district court's decision affirming an administrative order requiring plaintiff to reimburse the State Department of Social Services (DSS) for money advanced to her former spouse for support of their minor children, and further requiring plaintiff to pay $25.00 per month in child support to her former spouse for as long as public assistance is provided for the couple's minor child. We reverse.

Plaintiff and her former husband, John Hutchinson, were divorced in 1972. The decree of divorce awarded custody of the couple's two minor children, Diana and John Jr., to plaintiff and ordered her former husband to pay plaintiff $60.00 per month in child support for each child. The decree was silent as to plaintiff's obligation to pay child support to her former husband.

In October 1982, the couple agreed that their daughter, Diana, would reside with her father. Two months later, the couple's son also began residing with his father but returned to reside with plaintiff in May 1983.

After July 1983, plaintiff's former husband intermittently received public assistance from DSS, primarily for Diana's support. Subsequently, the Office of Recovery Services assessed child support arrearages against plaintiff. After an administrative hearing, the administrative law judge found plaintiff legally obligated, pursuant to the Public Support of Children Act, Utah Code Ann. § 78–45b–1–25 (1987) (the Act) and under common law principles,

to reimburse DSS $125.00 it had advanced to plaintiff's former spouse for the support of their children. DSS further ordered plaintiff to pay $25.00 per month in child support to her former spouse. The district court affirmed the DSS decision and plaintiff appeals.

The sole issue presented on appeal is whether DSS may administratively determine a parent's support obligation where a decree of divorce articulates that her former spouse must pay child support to her, but is silent as to her obligation to pay support.

We find the Utah Supreme Court's recent decision of *Karren v. Dep't of Social Servs.*, 716 P.2d 810 (Utah 1986), dispositive. In *Karren,* as in this case, the decree of divorce dealt with the custody, support, and maintenance of the couple's minor children. The father in *Karren* was awarded custody of two of the couple's children, and the mother (plaintiff) was awarded custody of the third child. The decree ordered the father to pay plaintiff $30.00 a week in support for the child in her custody but did not obligate the mother to pay support to her former spouse. Within the next four years, the couple agreed that the father should have custody of all three children. Thereafter, the father sporadically received aid from DSS. Subsequently, DSS assessed child support arrearages against the mother, finding her legally obligated, pursuant to the Public Support for Children Act, to reimburse DSS for funds it had advanced to the mother's former husband for the support of their three children. The district court upheld the administrative order and the mother appealed to the Utah Supreme Court. The supreme court held that a valid court support order had been entered, and that this order could be modified only by a court and not by DSS. In reaching this conclusion, the court stated:

[A] valid court order exists setting forth support obligations regarding plaintiff's children. Though either party could have sought a modification of that order when physical custody of the children changed, neither attempted to modify the decree. Thus ... plaintiff's former husband would be barred from obtaining support from plaintiff retroactively for

periods in which he had custody. Since DSS holds only the rights of the party receiving payments, a bar against reimbursement as to the ex-spouse also prevents DSS from obtaining reimbursement.

*Karren,* 716 P.2d at 812–13 (footnote omitted).

On appeal, DSS makes the same argument that it made in *Karren,* namely, that *no* court order exists regarding plaintiff's duty of support and, therefore, the agency has the authority both to assess arrearages against plaintiff based on the funds expended to support the couple's children and to set on-going support obligations of plaintiff. DSS relies on Utah Code Ann. § 78–45–7(3) (1987), which states in pertinent part:

> *When no prior court order exists,* the court shall determine and assess all arrearages based upon, but not limited to:
>
> . . . .
>
> (b) the funds that have been reasonably and necessarily expended in support of . . . children.

(Emphasis added.) As the supreme court reiterated in *Karren* after its initial confrontation with this argument in *Stettler v. Stettler,* 713 P.2d 699, 702, 703 (Utah 1985), the reliance on this provision is misplaced. While no court order exists establishing the amount of support owed by plaintiff to her former husband for the benefit of their children, a court order does exist regarding support payments for the benefit of their children and this encompasses her support obligations. *Karren,* 716 P.2d at 813. Simply because an order is silent as to one parent's obligation does not mean that the issue was *not* considered by the court, as argued by DSS. Common sense and actual practice compel us to conclude that when a divorce decree is silent as to one parent's duty of support, it should be inferred that the court considered and determined the issue. Of course, should a substantial change in circumstances occur subsequent to the entry of the original divorce decree, such as a stipulated long-term change in custody, the court may modify the decree. *See* Utah Code Ann. § 30–3–5 (1987).

Plaintiff, her former husband, or DSS could have sought a modification of the previously entered court order when they agreed to change custody of the children; neither attempted to do so. Plaintiff's former husband is therefore barred from obtaining support from plaintiff retroactively for periods in which he had custody. Since DSS's right to reimbursement is derived from the spouse entitled to support, *see Knudson v. Utah State Dep't of Social Servs.,* 660 P.2d 258, 260 (Utah 1983); *Mecham v. Mecham,* 570 P.2d 123, 125 (Utah 1977), a bar against reimbursement as to plaintiff's former husband, also bars DSS from obtaining reimbursement. *See Karren,* 716 P.2d at 812–13. DSS does not have the authority to modify an already existing support order as that power is retained by the courts under section 30–3–5. *See* Utah Code Ann. § 30–3–5 (1987). DSS cannot redetermine plaintiff's support obligation through an administrative proceeding. *Karren,* 716 P.2d at 813. Furthermore, DSS's attempt to set and collect retroactive child support from plaintiff is clearly contrary to case precedent. *Id.*

Our holding merely requires that DSS apply to the courts for a modification of the prior support order based upon the change in physical custody of the couple's children in order to collect child support from plaintiff. Section 78–45b–3 provides that "[a]s a condition of eligibility for assistance, an applicant for or recipient of assistance is considered to have assigned to the state all rights to support from any other person which have accrued...." Utah Code Ann. § 78–45b–3(1)(a) (1987).[1] Furthermore, "[i]f assistance is furnished by the department [DSS] ... the department ... may bring and maintain the action either in its own name or in the name of the obligee." *Id.*

Reversed. Costs to plaintiff.

BENCH and ORME, JJ., concur.

---

**1.** This section was amended in 1987; such amendments are effective January 1, 1988.