GROVER LEE POWERS

v.

COMMONWEALTH OF VIRGINIA, ex rel.

No. 0346-91-3

Decided November 19, 1991

COUNSEL

Lawrence L. Moise, III (Robert Austin Vinyard; Vinyard and Moise, on brief), for appellant.

Donnie W. Salyers, for appellee.

OPINION

BARROW, J.—Grover Lee Powers appeals a judgment against him for amounts paid in public assistance by the Division of Child Support Enforcement of the Smyth County Department of Social Services for the support of his child. He contends that a final decree of divorce awarding him joint custody of the child and not providing for child support is a bar to a recovery by the Division of Child Support Enforcement. We hold that the decree of divorce is not a bar since it did not order payment of a set or determinable amount of support.

The Circuit Court of Smyth County granted the father a decree of divorce *a vinculo matrimonii* from the mother. It ordered that the father and the mother would have joint custody of their two children. Child support was not addressed in the decree. All further matters pertaining to custody and support were referred to the Juvenile and Domestic Relations District Court of Smyth County.

After the divorce, the mother received benefits from the Smyth County Department of Social Services, Division of Child Support Enforcement (DCSE), for the benefit of the children. When the debt for public assistance totaled $5,416.84, DCSE issued an administrative support order for collection of the debt from the father. The father appealed the administrative support order to a hearing officer who upheld the order. The juvenile court and the circuit court also upheld the validity of the order.

■ Whether the divorce decree bars reimbursement of the public assistance paid is controlled by statute. Payment of any public assistance by the Department of Social Services for the benefit of a dependent child creates a debt to the department by persons responsible for the recipient child. *See* Code § 63.1-251. "However, where there has been a *court order for support, or final decree of divorce ordering support, . . .* the debt shall be limited to

the amount of such order or decree." *Id.* (emphasis added).

■ A "court order" is "any judgment or order . . . ordering payment of a set or determinable amount of support moneys." Code § 63.1-250. Thus, a final divorce decree limits the amount of the debt due from a parent for public assistance paid for the benefit of his or her child only if it orders "payment of a set or determinable amount of support moneys." The final divorce decree in this case did not order payment of a set or determinable amount of support. The decree contains no order or finding establishing a set or determinable amount of support. It simply referred matters pertaining to support to the juvenile court which also had not entered a support order. Therefore, the divorce decree does not limit the father's debt for public assistance paid for the benefit of his children.

Courts in several other jurisdictions have reached similar conclusions. *See State, Child Support Enforcement Division v. Gammons,* 774 P.2d 181 (Alaska 1989) (noncustodial parent required to reimburse AFDC even though divorce decree gave each parent joint legal and physical custody of their two children and did not order either parent to pay child support); *State, Dep't of Revenue v. Hubbard,* 720 P.2d 1177 (Mont. 1986) (noncustodial parent required to reimburse State Department of Social Services despite divorce decree which did not set child support payments); *Roberts v. Roberts,* 592 P.2d 597 (Utah 1979) (noncustodial parent required to reimburse AFDC for support of the child prior to the court's order fixing child support); *Cf. Florida Dep't of Health & Rehab. Serv. ex rel. Downey v. Vernon,* 138 Cal. App. 3d 827, 188 Cal. Rptr. 322 (1982) (mother required to reimburse AFDC for the future support of her children).

The trial court did not err in ordering the father to reimburse DCSE for the amount of public assistance paid for the benefit of his children. The judgment of the trial court is, therefore, affirmed.

*Affirmed.*

Bray, J., and Elder, J., concurred.