## HULSE v. HULSE.

No. 6961.   Decided January 27, 1947.   (176 P. 2d 875.)

See 27 C. J. S. Divorce, sec. 320; 17 Am. Jur. 532; 39 Am. Jur. 651.

*Cline & Cline,* of Milford, and *Vance Wilson* of Fillmore, for appellant.

No appearance for respondent.

PER CURIAM:

Plaintiff sued his wife for divorce, alleging mental cruelty. Among other things, he prayed that custody of the minor child be awarded to his wife. The defendant was living in California at the time of service of summons by publication, and when plaintiff agreed with her to pay $25 per month for the support of the child beginning January 1, 1946, defendant took no steps to defend the action. Plaintiff testified that he was willing to pay said sum monthly for the support of the child, and in accordance with the agreement between the plaintiff and defendant, counsel for plaintiff submitted to the court proposed findings of fact, conclusions of law, and decree, by the terms of which the defendant would be awarded custody of the child and plaintiff would be required to pay $25 per month for support of such child. Notwithstanding objections from counsel for plaintiff, the trial judge struck out all of the provisions relating to payment of $25 per month for support of the child, although the court did not disturb the provisions granting defendant custody of the minor child.

Upon learning of such action by the trial judge, defendant moved to be relieved of her default and that she be permitted to file her answer. The motion was denied, and defendant appealed. At the conclusion of argument, the only alleged error relied on by appellant consists of the refusal of the trial court to include in the decree a provision requir-

ing plaintiff to pay to defendant the sum of $25 per month for the support of the minor child. Appellant has withdrawn all other attacks upon the decree.

The court made no finding that defendant had sufficient means of her own for the support of the child, nor that plaintiff was without means to support the child. Under such circumstances, having awarded custody of the child to the defendant, it was incumbent on the court to make an appropriate order for the support of said child by the father, which the court declined to do. The trial judge made the comment that plaintiff as father of the child had the moral and legal duty to support the child, but that the court would not impose on him the duty to do so by the decree. The trial court was clearly in error, for the father of a child has the legal duty to support his minor child, if he has the capacity to do so. Inasmuch as the court awarded custody to the mother, it was a clear abuse of discretion in this case to refuse to require plaintiff as father, to support his child. This court has previously held in construing Section 40-3-5 of our statutes, that even in a contested case where the husband is awarded the divorce, if children of the parties are of tender age, they will ordinarily be awarded to the custody of their mother, with provision being made in the decree for the father to support those children. *Holm* v. *Holm*, 44 Utah 242, 139 P. 937, 939.

In that case this court said that the father of the children, although entitled to a decree of divorce,

"Should not be relieved from his obligations to support them. The children should not be made to suffer for the wrongs or misdeeds of their parents."

The sum agreed upon between the parties for the support of the child was not excessive. Since the amount was determined after some negotiations, it was doubtless computed in accordance with plaintiff's ability to pay. Had the court not stricken those provisions from the proposed form of decree, plaintiff would have paid $25 per month from and after January 1, 1946, for the support of said child.

Without disturbing the provisions of the decree granting the divorce, it is hereby ordered that the cause be, and the same is, hereby remanded to the district court with directions to amend the decree forthwith to order plaintiff to pay to defendant for the care and support of said minor child the sum of $25 per month from and after date of such amendment to decree. In addition thereto, plaintiff shall be ordered to pay the further sum of $10 per month for support of said child until plaintiff shall have paid an amount equal to the total of the $25 monthly payment which he should have paid between January 1, 1946, up to date of such amendment to decree, less a credit for any support money actually paid by him during said period.

Pursuant to motion heretofore made in this court, defendant is also hereby awarded judgment against plaintiff in the sum of $75 for counsel fees and for costs on this appeal.