[No. 36294.   Department One.   October 4, 1962.]

HELEN A. DERIEMER, *Appellant*, v. THE OLD NATIONAL BANK
OF SPOKANE, *Respondent*.*

*Reported in 374 P. (2d) 973.

*Hamblen, Gilbert & Brooke*, for appellant.

*Randall, Danskin, Lundin & Allison*, for respondent.

OTT, J.—Robert P. DeRiemer and Helen A. DeRiemer were married June 25, 1925. December 11, 1957, in contemplation of divorce, they entered into a property settlement agreement which, by its terms, made an equal division of the assets of the community and, in addition, contained the following provisions:

"(8) Party of the second part [Robert P. DeRiemer] further agrees to pay to the party of the first part [Helen A. DeRiemer] the sum of $50.00 per month for the support of the child of the parties, Machtelt M. DeRiemer, and the further sum of $130.00 per month as alimony to the party of the first part until she remarries, said payments to be made on or before the 10th day of each calendar month beginning in January, 1958.

" . . .

"(12) It is further agreed that this agreement and property settlement shall bar each and all claims for counsel fees, alimony, suit money, or any other claims by either of the parties against the other in any divorce proceeding or any other proceeding touching the domestic relations of the parties hereto, and that this agreement shall constitute full settlement, satisfaction and discharge of any and all claims for separate maintenance, support money, alimony, court costs, or attorneys fees."

December 11, 1957, Helen A. DeRiemer was granted a decree of divorce. The property settlement agreement was incorporated in the findings of fact and approved by the court. The decree provided, *inter alia*:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the defendant shall be and he is hereby required to pay to the plaintiff, in accordance with the terms of said property settlement agreement, the sum of $130.00 per month as alimony until she remarries, said payments to be made on or before the 10th day of each calendar month, beginning in January, 1958."

Robert P. DeRiemer died testate on November 19, 1958. The Old National Bank of Spokane was appointed executor of his estate. May 11, 1959, Helen A. DeRiemer served and

filed a creditor's claim in the estate proceedings, the material portion of which is as follows:

"May 1, 1959. This claim is based upon the Decree of the Court entered in the case of Helen DeRiemer vs. Robert P. DeRiemer, No. 149008 in the Superior Court of the State of Washington, in and for the County of Spokane, filed December 11, 1957, under which Decree claimant was awarded $130.00 per month as alimony payable to her on the 10th day of each calendar month beginning January, 1958, but no payments have been made in accordance with said Decree since the payment due in the month of October, 1958, and there is now due the claimant monthly payments of $130.00 since November 10, 1958, that is to say, $130.00 due November 10, 1958, and $130.00 per month thereafter during the life of said claimant. The life expectancy of the claimant is 27.05 years and claim is made for that period. $42,328.00"

The executor rejected the claim. Thereafter, Helen De-Riemer timely commenced this action against the estate. The cause was tried to the court, and, from a summary judgment of dismissal, Helen A. DeRiemer appeals.

Appellant asserts that "The sole question in this case is whether an agreement approved and included in a decree of divorce, for monthly payments to the wife until she remarries, survives the death of the husband."

Appellant contends (1) that the contract payments of $130 a month are not alimony, (2) that the monthly payments are obligations incurred by the husband during his lifetime, which are expressed in a written contract and based upon a valid consideration, and (3) that such an obligation survives the death of the payor and is payable from the assets of his estate.

■ With reference to (1), whether payments to be made in the future, which are incorporated in a contract entitled "Property Settlement Agreement," are alimony or a part of the property settlement agreement depends upon the intent of the parties and the circumstances surrounding the settlement. *Fleckenstein v. Fleckenstein*, 59 Wn. (2d) 131, 366 P. (2d) 688 (1961), and cases cited.

■ The record discloses that the property settlement agreement made an equitable division of the tangible assets

of the community, and made provision for the payment of all the community obligations and attorneys' fees. In addition to the equal division of the tangible property, the agreement provided that the husband pay to appellant $50 a month for the support of their child, and "$130.00 per month as alimony" until appellant remarried. Neither party offered any objection to the court's designating the $130 monthly payments as alimony in the decree.

Applying the rule announced in the cited cases to the facts before us, we hold that the trial court properly determined (as stated in its memorandum opinion) that the parties intended that the monthly payments provided for in the agreement were to be alimony.

■■ Appellant asserts that ¶ 12 of the property settlement agreement, quoted above, establishes the intent of the parties to bar any increase or reduction in the payment of *alimony* to appellant until her remarriage. In so far as the parties could bind themselves, the paragraph does limit the support and alimony payments to the amounts provided in the agreement. Support and alimony allowances included in a decree of divorce are court determinations which are subject to modification and change by the court. *Berry v. Berry*, 50 Wn. (2d) 158, 310 P. (2d) 223 (1957); *Gordon v. Gordon*, 44 Wn. (2d) 222, 266 P. (2d) 786 (1954); *Millheisler v. Millheisler*, 43 Wn. (2d) 282, 261 P. (2d) 69 (1953). The contract of the parties with reference to these items aids the court in making its determination, but the contract becomes a nullity when the court's decree has been entered relative thereto. *Scudder v. Scudder*, 55 Wn. (2d) 454, 348 P. (2d) 225 (1960).

With reference to the second and third contentions, appellant states that, in *Stone v. Bayley*, 75 Wash. 184, 134 Pac. 820 (1913), this court held that a contract to furnish child support during minority survived the death of the husband. In the cited case, a property settlement agreement had been entered into between the parties, which included provision for future monthly payments for child support. The decree of divorce, however, made no provision for such support. We there held that, since no mention was made in the di-

vorce decree relative to child support and the court had not exercised its authority to provide for it, the parties were bound by their contractual obligations with reference thereto.

In the instant case, the court did exercise its authority in this regard. The support and alimony provisions contained in the property settlement agreement were merged in the decree. When adopted by the court, they became court adjudicated issues. *Scudder v. Scudder, supra; Berry v. Berry, supra.*

██ The court's decree determined that the husband pay alimony to the wife. Whether alimony payments are to survive the death of the payor must be ascertained from the decree. *Murphy v. Shelton,* 183 Wash. 180, 48 P. (2d) 247 (1935). The court, in the exercise of its discretion, has the authority to decree that alimony payments continue beyond the death of the party required by the decree to make them and become an obligation of his estate. In the absence of a clear statement in the decree establishing the court's intention that such payments should survive, they abate upon the death of the payor. *Scudder v. Scudder, supra; Murphy v. Shelton, supra.*

There is no statement in the divorce decree in the instant case which establishes a clear intention on the part of the court that the monthly payments to appellant were to survive the death of Robert P. DeRiemer. The payments therefore abated.

The judgment is affirmed.

FINLEY, C. J., HILL, ROSELLINI, and FOSTER, JJ., concur.

---

November 21, 1962. Petition for rehearing denied.