[No. 34-40557-2.   Division Two.   January 27, 1970]

ALISON M. MATHEWS, *Respondent,* v. FRANCIS P. MATHEWS, *Appellant.*

*Lynch & Lynch,* and *Neil Lynch,* for appellant.

*Owens & Johnson,* and *Frank Owens,* for respondent.

PEARSON, J.—The plaintiff, Alison M. Mathews, and the defendant, Francis P. Mathews, were divorced on April 26, 1961. The final decree approved and ratified a property settlement agreement which had been entered into between the parties on April 22, 1961.

The decree of divorce awarded custody of the two teenage daughters to the plaintiff mother and required the defendant to pay $150 per month for each child "together with provision of medical and dental services and shall provide plaintiff with any college expenses as to each of said minors over and above said One Hundred Fifty ($150.00) Dollars per month . . . ". The support payments were to continue until each child completed college or married, whichever would occur first.

On April 25, 1961, one day before the decree was entered, the parties signed a document entitled, "Agreement in Addition and Amendment to the Agreement Between Dr. Francis P. Mathews and Mrs. Alison M. Mathews dated April 22, 1961." The part of this document pertinent to this appeal provided:

That should either or both of said children attend col-

lege and in so doing not reside with Mrs. Mathews, and during the time they do not reside with Mrs. Mathews for such reason, Dr. Mathews shall continue to pay Mrs. Mathews for the support of the minor child or children, but that Mrs. Mathews will defray to a reasonable amount to be agreed upon by the parties at that time, the support payments made to her by Dr. Mathews of $150.00 per month for each child, returning such amount to him from the support payments made to her.

For some reason, this document was not offered in evidence at the final hearing, nor was it incorporated into the final decree.

The history of the present litigation is somewhat involved, but it appears to have started by an attempted contempt citation brought by the plaintiff against the defendant in August, 1962. In those proceedings, the plaintiff sought to cite the defendant for contempt, but at the same time asked the court for a determination of how much defendant should pay to the plaintiff for "any period either of the minor daughters of said parties is attending college away from home, or visiting defendant for more than one month at a time." It appears that plaintiff relied upon the agreement mentioned above, which was signed the day before the divorce decree was entered, since that agreement was attached to a copy of her affidavit in support of her motion. It appears also that in response to the contempt citation, defendant also relied upon the supplemental agreement and joined in the plaintiff's request that the court determine the amount he should be reimbursed, inasmuch as one of the children of the parties was at that time in college.[1]

For some reason, no order was ever entered, and the matter lay dormant until February, 1964, when the record shows a letter from defendant's present counsel to the trial court, and a reply letter to the court from Philip W. Richardson, then attorney for the plaintiff. These letters ap-

---

[1] Neither of present attorneys was representing the parties during any of this period.

pear to be in the form of written argument to the trial court and refer to the fact that the trial court did take testimony and held hearings on oral testimony concerning the contempt citation and the possible adjustment of the support payments because of the attendance of one girl at college. Plaintiff's counsel at that time was conceding that there should be a reduction in support of somewhere between $30 and $50 per month. No order was ever signed by the trial court.[2]

It appears from the record that the next attempt to activate the case occurred on April 14, 1964, when the plaintiff, through another attorney, moved for a new trial or in the alternative for a reopening of the case for further evidence.

It appears that the trial court rendered an oral decision in the matter on July 15, 1965, but that oral decision has not been made a part of the record. The record also shows that the defendant filed a motion for reconsideration of that oral decision, which motion was filed in November, 1967.

Subsequently, on May 20, 1968, the trial court signed findings of fact, conclusions of law, and entered judgment, ordering the defendant to pay to the plaintiff $2,290.62 "delinquency under the Decree of Divorce."

In its findings of fact the trial court found that the two daughters had lived away from home or were attending college during 32 19/31 months. The court further found that the parties had signed the written "Agreement in Addition and Amendment to the Agreement Between Dr. Francis P. Mathews and Mrs. Alison M. Mathews dated April 22, 1961," but the court concluded that this writing did not constitute an enforceable contract, because it "provided that the parties would do what they might agree upon in the future."

Consequently, the trial court concluded that it should not allow any offsetting amounts for the period of time the daughters were away from home or at college.

[2]This was clearly not the fault of the trial court.

The defendant has appealed on a short record and challenges the court's conclusion of law.

The sole issue raised on appeal is whether or not the trial court on the findings made should have allowed defendant an offset against delinquent support payments for the period of time the minor children were not dependent on the plaintiff for support.[3]

Defendant claims that the pre-divorce supplemental agreement as to support is in fact a contract and for that reason the trial court should have determined a "reasonable amount" to offset against the delinquent payments.

We do not accept this analysis, but for different reasons conclude that the court should have entered a finding on equitable grounds (as later set forth) as to whether or not an offset should be allowed to the defendant for the 32 19/31 months the children were away at college or not at home.

■■ The pre-divorce supplemental agreement became a nullity when the court's decree was entered, fixing the terms of support. *Scudder v. Scudder,* 55 Wn.2d 454, 348 P.2d 225 (1960), *DeRiemer v. Old Nat'l Bank,* 60 Wn.2d 686, 374 P.2d 973 (1962). Once the support terms are fixed in the decree, they can only be changed by a petition to modify, showing a change of conditions or circumstances since the entry of the decree. *Corson v. Corson,* 46 Wn.2d 611, 283 P.2d 673 (1955). These cases further hold that the accrued installments of support money under a divorce decree are vested and may not be retrospectively modified. *Koon v. Koon,* 50 Wn.2d 577, 313 P.2d 369 (1957).

As a further general rule, when a father is required by a divorce decree to pay to the mother money for the support of their dependent children, and the unpaid and accrued installments become judgments in her favor, he cannot, as a matter of law, claim credit on account of payments volun-

---

[3]It should be noted that the children of the parties are now emancipated by marriage.

tarily made to or on behalf of the children. *Koon v. Koon, supra, Martin v. Martin,* 59 Wn.2d 468, 368 P.2d 170 (1962).

In the case at bar, defendant is essentially claiming a credit against past due installments for 32 19/31 months, which the court found the children were "attending college or living away from home," (finding of fact 5) and presumably not dependent upon the plaintiff for support.

In *Martin* at 473, the Supreme Court states:

However, special considerations of an equitable nature may justify a court in crediting such payments [those made directly to or for the benefit of the child] on his indebtedness to the mother, when that can be done without injustice to her. [Citing case.] The courts are justifiably reluctant to lay down any general rules as to when such credits may be allowed.

Our cases, too, differ as to what constitutes special considerations of such an equitable nature as to justify an exception to the general rule; but there can be no question as to the father's responsibility to prove that they exist, if he is to have any payments he has made directly to or on behalf of the child credited to his accrued indebtedness for child support.

(Footnote omitted.)

In this case, there were special circumstances which would justify the court's allowing, in the exercise of its equitable powers, a credit to defendant, if such could be done without an injustice to the plaintiff. *See French v. French,* 74 Wn.2d 708, 446 P.2d 332 (1968). Those special circumstances commenced in April of 1962, when both parties sought a court determination of the amount support payments should be reduced because one of the children was in college. That those special circumstances continued is evidenced by the court's finding that the children were away from home or in college for almost 3 years.

Since the trial court made no finding upon the equitable issue presented, the judgment is reversed, the case is remanded, and the trial court is directed to make a finding upon such issue and enter judgment accordingly.

Costs on appeal will abide the outcome of the trial court's decision.

Armstrong, C. J., and Petrie, J., concur.