**Leora M. GULLEY and the State of Utah, By and Through Utah State Department of Social Services, Plaintiffs and Appellants,**

v.

**Guy M. GULLEY, Defendant and Respondent.**

**No. 14789.**

Supreme Court of Utah.

Sept. 30, 1977.

Robert B. Hansen, Atty. Gen., Stephen G. Schwendiman, Asst. Atty. Gen., Salt Lake City, for plaintiffs and appellants.

Norman O. Fox, Salt Lake City, for defendant and respondent.

CROCKETT, Justice:

The State Department of Social Services appeals from the dismissal of its petition for reimbursement for support furnished to the children and former wife of defendant Guy M. Gulley.

Plaintiff Leora M. Gulley and the defendant were divorced in August, 1967, the decree awarded custody of four children to the plaintiff, together with $50 per month support for each child and $50 per month as alimony. Defendant made regular support payments until September 1970. At that time he entered into a contract with his ex-wife Leora M. Gulley whereby he agreed to pay her $10,000, which was to be prepayment of all of his obligations under the decree, in return for her release of those obligations.

A little over two years later, in November, 1972, Leora appears to have become financially distressed. She then applied to the plaintiff Department of Social Services and she was approved for and has received public assistance for the support of herself and the four children since that time, in June, 1976, the State of Utah initiated this action under the provisions of Section 78–45–9, U.C.A., 1953,[1] seeking reimbursement from the defendant for assistance it had provided to the extent defendant had been ordered to pay such support under the decree. As a defense, the defendant pleaded performance of the above-mentioned agreement as a release of his obligations.

There are two separate propositions to be dealt with: A, any right plaintiff may have for reimbursement for necessities furnished to the ex-wife Leora M. Gulley; and B, plaintiff's right to reimbursement for necessities furnished to the children.

As to A; at the time of the above-stated agreement Leora was no longer the wife of defendant Guy M. Gulley; and he had no legal duty to support her, except to pay the alimony awarded in the decree. She and her husband were at liberty to bargain with respect to his obligations to her; and their agreement made with respect thereto became binding the same as any other contract.

In regard to B: the support of the children is an entirely different proposition. Every parent has the duty to support the

---

1. That section does not restrict or diminish the right to reimbursement. It is permissive in providing that the State Department of Social Services *may* proceed on behalf of the obligee [plaintiff wife, or the children] or on its own behalf to enforce that right of support against obligor [defendant husband].

children he has brought into the world.[2] This duty is inalienable and he cannot rid himself of it by purporting to transfer it to someone else, by contract or otherwise.[3] Moreover, the minor children who are the beneficiaries of this duty were not parties to the agreement and they could not be bound thereby. Whether by the statute hereinabove referred to, or by the common law, the just and logical consequence of the duty of parents to support their children is that if they are left in need and a third party provides them necessities, he is subrogated to the child's right and may obtain reimbursement therefor.[4] Insofar as the order of dismissal purports to prevent the plaintiff from recovering for necessities furnished to the children, the order is in error. Accordingly it is necessary that that order be vacated and this case remanded for the district court to determine the amount which was reasonably and necessarily furnished for the support of the children, up to the amount of $50 per month for each child, as provided in the decree,[5] during their minority;[6] and to enter judgment in favor of the plaintiff accordingly. No costs awarded.

ELLETT, C. J., and HALL, J., concur.

WILKINS, Justice (dissenting).

I respectfully dissent.

When the defendant paid Mrs. Gulley $10,000 she did not release him from all of his support obligations. The defendant received only a receipt for that amount and an acknowledgement that it was paid on the account of his support obligations under the decree, for prepayment for a specified period. Defendant admits he was obligated to resume payments for support when that prepaid amount was exhausted in the late fall of 1976.

The State commenced action on June 28, 1976, claiming in its pleadings that defendant failed to provide support for the children as ordered in the divorce decree from November, 1972, through June, 1976, in the sum of $3,350, and claiming its right to reimbursement therefor as it is subrogated to the rights of Mrs. Gulley. The State makes *no claim* for monies expended by it to Mrs. Gulley and does not claim a right for reimbursement *for necessities* with respect to the children. It asks for support for the children as *ordered in the decree.* And to emphasize that the State predicated all of its pleadings and theory on non-compliance with the decree, rather than on necessities as stated in the majority opinion. It sought, in addition to reimbursement, a finding of contempt against the defendant for wilfully disobeying the order made by the District Court in the decree dated August 29, 1967.

The State contends that the father-obligor's duty of support requires that he exercise a high standard of care to ensure that monies paid in lump sum amounts for child support are actually used for support of the children. The State cites no authority for this contention; and in the context of this matter particularly, I see no legal reason for establishing it as a new principle of law.

The State's other contention is that a lump sum payment for future child support given without prior court approval is against public policy and therefore prohibited. As an abstract and usual proposition, court approval, of course, should be sought and the matter determined by the court in order to avoid a myriad of problems and

**2.** See *Hulse v. Hulse*, 111 Utah 193, 176 P.2d 875; also See Sec. 30–2–9, U.C.A.1953, which makes both husband and wife responsible for the expenses of the family and Sec. 78–45–3 which provides that: Every man shall support his wife and his child.

**3.** See *Price v. Price*, 4 Utah 2d 153, 289 P.2d 1044.

**4.** *Stafford v. Field*, 70 Idaho 331, 218 P.2d 338; *Barrett v. Barrett*, 44 Ariz. 509, 39 P.2d 621.

**5.** This limitation is because the Department of Social Services sues herein to enforce the decree, as distinguished from bringing an action for reimbursement. Cf. *State Division of Family Services v. Clark et al.*, Utah (1976), 554 P.2d 1310.

**6.** Due to the ages of the children some will have attained their majority at age 18.

uncertainties. But, again, we must consider the facts of this case. The State brought action *to enforce the divorce decree*, and therefore to grant it the relief it seeks would constitute not an enforcement of the decree but a retroactive modification of it. And that legal infirmity is aggravated and vivified because the State did not even commence this action for reimbursement until more than three and one-half years after Mrs. Gulley started to receive public assistance. The State did not pursue its statutory remedy [1] to modify the decree, and failure to do so is, in my opinion, fatal to the State's position. If a timely motion for modification had been commenced, then the District Court could have determined whether there was a basis for modification.

In conclusion, I believe that the State should be bound by its pleadings and further that *Mecham v. Mecham, supra,* controls on the matter of the State's rights being no greater than the rights of Mrs. Gulley.

The District Court's order dismissing the order to show cause should be affirmed.

MAUGHAN, Justice, concurs in the dissenting opinion of Mr. Justice WILKINS.

---

1. See Utah Code Ann., Sec. 78–45–9, 1953, as amended (enacted in 1957 and amended in 1975), under which statute the State brought its action herein. Also see Sec. 78–45b–3 (enacted 1975); and *Mecham v. Mecham,* Utah, 570 P.2d 123 (1977).