Lorrie Patricia HILLS, and the State of Utah, by and through Utah Department of Social Services, Plaintiffs and Respondents,

v.

Ronald Eugene HILLS, Defendant and Appellant.

No. 17154.

Supreme Court of Utah.

Oct. 30, 1981.

Kathryn Schuler Denholm, Salt Lake City, for defendant and appellant.

Ted Cannon, Gerald M. Conder, Salt Lake City, for plaintiffs and respondents.

OAKS, Justice:

This is an action by a divorced mother and the Utah Department of Social Services (a party by reason of the mother's receipt of welfare) to amend a divorce decree to require the divorced father to make support payments for his two minor children. The issue on the father's appeal is the validity of his defense that he cannot be required to support the children because the district court terminated his parental rights and obligations in the decree of divorce.

Following the parties' separation in 1978, they executed a stipulation which stated in part:

> That Ronald Eugene Hills wishes to relinquish all rights in regard to the above-named children and that he should be deprived of all parental rights and obligations in regard to said children, except in the event that [Lorrie Patricia Hills] dies during the minority of either of said children or for any reason loses custody of either or both of the above-named children, [Ronald Eugene Hills] shall be given preference as guardian.

The parties were divorced in 1979. The divorce decree incorporated the stipulation by reference and specifically ordered that the father be deprived of all parental rights and obligations in regard to his children. The decree made no provision for child support. In this action, brought just one

month after the divorce, the district court held that the father was obligated to support his children, and amended the divorce decree accordingly. We affirm.

■ There is no merit to the contention that the parents' stipulation effectively terminated the father's parental obligations. The right to support from the parents belongs to the minor children and is not subject to being bartered away, extinguished, estopped or in any way defeated by the agreement or conduct of the parents. *Gulley v. Gulley*, Utah, 570 P.2d 127 (1977); *Baggs v. Anderson*, Utah, 528 P.2d 141 (1974); *French v. Johnson*, 16 Utah 2d 360, 401 P.2d 315 (1965). We cannot see how the incorporation of such a stipulation in a decree of the district court or the juvenile court gives it any greater effect. If parental rights and obligations are to be terminated, this must be done by court decree in the manner prescribed by law.

Utah Code Annotated, 1953, § 78–3a–48(2), a section of the Juvenile Court Act, prescribes specific procedures for the remedy of "termination of parental rights," including the holding of a hearing "specifically on the question of terminating the rights of the parent or parents." In *State in Interest of Baby Girl Marie*, Utah, 561 P.2d 1046, 1047 (1947), which involved a failure to advise the mother of her right to counsel, we held that if the juvenile court fails to give strict adherence to the procedures prescribed in the statute its decree of termination will be invalid.

■ We need not decide whether a court following the procedures prescribed in the Juvenile Court Act could validly authorize the termination of parental *duties* (including the duty of support involved in this case) or whether procedures similar to the Juvenile Court Act's apply to the district court in similar circumstances. It is sufficient for the decision of this case for us to hold that the drastic remedy of termination of parental *duties* cannot be validly decreed—with or without stipulation—without a hearing devoted to this question and including the submission of evidence and careful judicial consideration of all of the interests involved, including the child's.

There was no such hearing prior to the entry of the divorce decree which purported to terminate the duty of support in this case.

For the reasons set out above, the district court's divorce decree was not effective to terminate the father's parental rights and obligations, and the district court therefore remained free to modify its decree to order the father to provide support for his minor children. U.C.A., 1953, § 30–3–5. This disposition makes it unnecessary to discuss the other points argued in the parties' briefs.

The order of the district court is affirmed. Costs to respondent.

HALL, C. J., STEWART and HOWE, JJ., and J. ALLAN CROCKETT, Retired Justice, concur.

MAUGHAN, J., did not participate herein; CROCKETT, Retired Justice, sat.