650 P.2d 819

Alfonso N. MARTINEZ,
Plaintiff-Appellee,

v.

Maria Elena MARTINEZ,
Defendant-Appellee,

v.

STATE ex rel. HUMAN SERVICES DEPARTMENT, Intervenor-Appellant.

STATE ex rel. HUMAN SERVICES DEPARTMENT, Petitioner,

v.

Alfonso N. MARTINEZ, Respondent.

No. 13,653.

Supreme Court of New Mexico.

Sept. 3, 1982.

Anna M. Aragon, Child Support Enforcement Bureau, Las Vegas, Jeff Bingaman, Atty. Gen., Thomas G. Cornish, Jr., Asst. Atty. Gen., Farmington, for intervenor-appellant.

Jaime Chavez, Taos, Eugenio S. Mathis, Las Vegas, for appellees.

## OPINION

RIORDAN, Justice.

This appeal arises from the consolidation of a support action and a partition action that involved the same parties.

The first action was brought by the State of New Mexico's Human Services Department (HSD) against Alfonso Martinez (Father) for reimbursement of public assistance paid to his former wife, Maria Martinez (Mother), for their children. Pursuant to a stipulated agreement between HSD and Father, judgment was entered providing for the reimbursement of assistance previously paid and for an agreement to pay a specified amount of the assistance in the future.

The second action was brought by the Father requesting a partition of real property owned by Father and Mother as tenants in common. Mother counterclaimed for increase in child support payments. The trial court increased the support payments and found that the increased amortized amount of child support which Father would pay until the last child reached majority equaled his interest in the real property involved in the partition action. Therefore, the trial court awarded Father's interest in the property to Mother in lieu of future child support payments.

HSD then moved to intervene in the second action and the trial court consolidated the first and second actions. The trial court then modified the judgment in the first action by relieving the Father from his obligation to support his minor children and to repay any sums paid by HSD to the Mother in the form of public assistance for their children. HSD appeals. Father cross-appeals the judgment that divested him of all interest in the partitioned property and from the order increasing child support. We reverse.

The issues on appeal are:

I. Whether the trial court erred in relieving Father from his obligation to HSD for public assistance paid, in the past and in the future, on behalf of his children.

II. Whether the trial court erred in divesting Father of his interest in the property.

Father and Mother were married in 1951 and divorced in 1955 in Wyoming. Several months after the divorce the parties reunited and lived together until 1977 but never remarried. In 1965, the parties jointly acquired property in New Mexico and lived on the property until they separated. The property consists of two parcels, one of which has a house on it; the other is unimproved land. Mother continues to reside in the house with four of their six children born between 1951 and 1977.

After the separation, Mother applied for Aid to Families with Dependent Children (AFDC) through HSD and executed an assignment of her child support rights to HSD. Father, by virtue of the stipulated judgment with HSD, had obligated himself to pay HSD the sum of $210.00 per month for as long as his minor children received AFDC.

I. *Public Assistance*

■ The trial court by relieving Father of his duty to support his children, in effect, was preventing the State of New Mexico from being reimbursed for money expended under AFDC.

Since New Mexico elected to participate in the AFDC program established by Congress, the State must comply with the requirements set forth in 42 U.S.C. § 602(a) (1976 & Supp. IV 1980), in administrating their program. *Matter of Estate of Jackson,* 79 N.J. 517, 401 A.2d 517 (1979). According to 42 U.S.C. § 602(a)(26)(A), a condition of eligibility for AFDC, is that each applicant or recipient is required:

> to assign the State any rights to support from any other person such applicant may have (i) in his own behalf or in behalf of any other family member for whom the applicant is applying for or receiving aid, and (ii) which accrued at the time such assignment is executed[.] [Emphasis added.]

*Id.; Medsker v. Adult & Family Services Division,* 42 Or.App. 769, 601 P.2d 865 (Ct.

App.1979). When an assignment occurs, the assignee stands in the same position as the assignor. *Employers' Fire Insurance Company v. Welch,* 78 N.M. 494, 433 P.2d 79 (1967). Thus, the child support rights assigned to the State constitute an obligation owed to the State by the person responsible for providing support. *Medsker v. Adult & Family Services Division, supra.* Therefore, the State is now subrogated to the Mother's position, and thus has the right to collect the support obligation directly from the Father. *Id.; See White v. Sutherland,* 92 N.M. 187, 585 P.2d 331 (Ct.App.), *cert. denied,* 92 N.M. 79, 582 P.2d 1292 (1978).

The State of New Mexico may enter into an assignment contract with the individual recipients. § 27–1–2(D), N.M.S.A.1978 (Repl. Pamp. 1982). Former Section 27–2–28, N.M.S.A.1978 (in effect at the time of this action, however, was repealed in 1981 and replaced with Section 27–2–28, N.M.S.A.1978 (Repl. Pamp. 1982)), provides for collection of such assigned support. Former Section 27–2–28 provides:

> When a spouse or minor children are recipients of public assistance, the department may bring an action in its own name against the person responsible for the support of such recipients:
>
> A. to recover amounts expended by the department on behalf of said recipients or such amounts as may be due and owing under an existing court order, whichever is less; and
>
> B. for a continuing order of support for the benefit of such recipients.

■ Once a valid assignment has been made, the assignor cannot cancel or modify the completed assignment by an unilateral action without the consent of the assignee, nor may the assignor defeat or impair the rights of the assignee in any other way. *In Re Marriage of Shore,* 71 Cal.App.3d 290, 139 Cal.Rptr. 349 (Ct.App.1977); *Lizotte v. Lizotte,* 15 Wash.App. 622, 551 P.2d 137 (Ct.App.1976). In *Lizotte v. Lizotte,* the Department of Social and Health Services had been subrogated to the mother's unpaid support obligations. Later, unknown to the

department, an order was entered based upon a stipulation between mother and father that stated that delinquent support owed by father to mother have been waived and satisfied. The appellate court held that the agreement to release the father of his accrued and unpaid obligation did not deprive the state of its subrogation interest.

▇ Parents, also, cannot enter into an agreement to extinguish a parent's duty to support their children before executing an assignment of support rights to a state agency. In *Gulley v. Gulley,* 570 P.2d 127 (Utah 1977), the father paid the mother $10,000 in a lump sum payment to release him from *all* child support and alimony payments. Two years later the mother went on public assistance. The court held that in spite of the agreement the father was still obligated to reimburse the state for public assistance paid on behalf of his children.

▇ Public policy dictates that the primary obligation for support and care of a child is by those who bring a child into the world rather than on the taxpayers of the state. Therefore, parents have a duty to support their children and cannot rid themselves of it by transferring the duty to someone else. *Id.; Lizotte v. Lizotte, supra.*

▇ However, Mother claims that Section 40–5–5, N.M.S.A.1978, authorizes the trial court's actions. Section 40–5–5 states in part:

> The support obligation of a parent is discharged by complying with a judicial decree for support or with the terms of a judicially approved settlement. * * *

We interpret this Section to mean that once a valid support decree is entered and is being complied with, the party without custody of his or her children cannot be subjected to further legal action for support unless a modification is being sought. In adopting a valid decree, a judge *cannot* discharge a parent of his or her duty to support his or her child and thereby place the burden on the taxpayers.

▇ The trial court here relieved the Father of his past and future obligations of support by giving the Mother the Father's interest in the land. However, as to the accrued installments of support, they are vested in the State by virtue of the assignment and may not, therefore, be modified. *Mathews v. Mathews,* 1 Wash.App. 838, 466 P.2d 208 (Ct.App.1970). Therefore, the trial court here could not extinguish the Father's past support obligations. As to the Father's future obligations, the trial court found that the Father's support obligations in the future were to be increased from $210 to $400. We have reviewed the evidence and hold that there was no abuse of discretion in increasing the support. *Barela v. Barela,* 91 N.M. 686, 579 P.2d 1253 (1978); *Spingola v. Spingola,* 91 N.M. 737, 580 P.2d 958 (1978). However, the trial court cannot relieve the Father of his duty to support his children if the children still receive AFDC. *See Gulley v. Gulley, supra.* Therefore, as long as public assistance is expended on behalf of his children, Father is liable to the State for support payments.

II. *Partition*

The parties own as tenants in common two parcels of property; a lot with a house on it and a lot used for raising some livestock and chickens. Father moved for a partition of the property. Section 42–5–6, N.M.S.A.1978, provides for the appointment of three commissioners to make individual independent evaluations of the property to be partitioned and then submit their recommendations to the court. The parties, however, agreed to waive the conditions for partition set forth in Section 42–5–6. *See Marquez v. Marquez,* 74 N.M. 795, 399 P.2d 282 (1965). Therefore, the trial court in its findings found that the value of the property was $35,150.00. The court then held that the Father's amortized amount of support payments until the last child reached the age of majority was equal to his one-half (½) interest in the land. Thus, the court awarded Mother the entire property and relieved the Father of all future child support payments.

▇ A cotenant is entitled to a partition as a matter of right, not merely as a

matter of grace within the discretion of the court. Although this right is sometimes said to be absolute, it can be denied where the partition would be against public policy, legal principles, equitable principles or is waived by an agreement of the parties. *Lawrence v. Harvey,* Mont., 607 P.2d 551 (1980). However, the suit for partition was not denied here but granted; and Father was then ordered to execute a deed transferring his interest in the land to Mother in exchange for relieving him of child support payments. And at the same time, Mother would still receive AFDC. This would be in opposition to the law of our State.

The trial court should have either denied partition at this time until the minor children reach legal age or become emancipated, partitioned the property or ordered it to be sold thus dividing the proceeds between the parties. The court cannot give the property to Mother in exchange for relieving the Father from child support thereby putting the burden on the taxpayers of this State for his children's support.

We remand this case to the trial court for further proceedings not inconsistent with this opinion.

IT IS SO ORDERED.

EASLEY, C. J., and FEDERICI, J., concur.