2007 UT App 291

**Elizabeth ANDRUS, Petitioner and Appellee,**

v.

**Daniel ANDRUS, Respondent and Appellant.**

**No. 20060351–CA.**

Court of Appeals of Utah.

Sept. 7, 2007.

Rosemond G. Blakelock, Provo, for Appellant.

Brent D. Young, Provo, for Appellee.

Before BENCH, P.J., BILLINGS and DAVIS, JJ.

## OPINION

BENCH, Presiding Judge:

¶ 1 Daniel Andrus (Husband) appeals the trial court's decision to award Elizabeth Andrus (Wife) the cash value of certain stocks, child support, alimony, and attorney fees following a bench trial conducted to resolve those issues in conjunction with the couple's divorce. Husband's claims that the trial court abused its discretion in awarding the cash value of stocks to Wife fail because the trial court has wide latitude in dividing marital property and there is evidence in the record to show that the parties contemplated a division of the pertinent stock in accordance with the trial court's rulings. We agree with Husband, however, that the trial court erred by not invalidating a provision from the parties' original stipulation that excluded Wife's income from child support determinations. Also, because the trial court's findings of fact are so insufficient concerning the calculation of Husband's disposable income, we remand for findings that adequately detail how or if the trial court considered Husband's tax obligations in setting his alimony payments and awarding attorney fees to Wife. We therefore affirm in part, reverse in part, and remand for further proceedings.

## BACKGROUND

¶ 2 Husband and Wife were married in 1981. After separating in October 1997, the couple entered into a stipulation and property settlement (the Stipulation), which became the basis of their Decree of Divorce.

¶ 3 Subsequently, Husband requested that the trial court set aside the Decree of Divorce. Husband's motion to set aside was partially granted in April 1998, with the trial court stating that "justice would be furthered by relieving [Husband] from his stipulation on the provisions of alimony and child support." The trial court enumerated which provisions of the Stipulation would be set aside and stated that the other provisions of the Stipulation would remain in full effect. The provision that precluded consideration of Wife's income as a factor in setting Husband's alimony or child support obligations (Paragraph 6) was not expressly set aside.

¶ 4 In July of 2005, a trial was held to determine outstanding issues regarding the proper division of Husband's stock, child support, alimony, and the payment of attorney fees. In its Amended Memorandum Decision, the trial court resolved the parties' lengthy dispute regarding the division of stock options. The Stipulation called for Husband to give Wife twenty-five percent of the stock resulting from the exercise of his stock options. At the time the Stipulation was created, Husband was eligible to immediately exercise options on 9000 shares of stock in the business where he was employed, while options on approximately 46,000 additional shares remained under the employer's control for several more months. Husband would be able to, and did, exercise all of these options. Husband transferred twenty-five percent of the 9000 shares to Wife but never transferred any percentage of the remaining 46,000 shares, claiming that the Stipulation entitled Wife to an interest only in the 9000 shares he actually had rights to exercise at the time of the Stipulation. Based on Wife's testimony and some correspondence prior to the execution of the Stipulation, the trial court ruled that the Stipulation granted Wife a percentage in all of Husband's shares of stock obtained through his stock options, not just the 9000 shares.

¶ 5 Because Husband no longer owned any of the shares in dispute at the time of trial, the trial court ordered Husband to pay Wife the cash equivalent of the shares owed to her based, in part, on the profit Husband made in exercising and selling the shares. In calculating the value of the shares, the trial court averaged the price of the stock on the nine different instances when Wife requested her percentage.

¶ 6 The trial court relied on Paragraph 6 in refusing to consider Wife's income when calculating Husband's alimony and child support payments. The trial court calculated Husband's alimony payments, as well as his ability to pay Wife's attorney fees, from Husband's stipulated gross income of $10,000 per month. The trial court then subtracted certain expenses from Husband's gross monthly income, including child support, housing, food, and transportation costs, to arrive at

Husband's monthly disposable income, half of which was awarded to Wife as alimony. The trial court also awarded Wife attorney fees because she was the prevailing party, finding that Husband had cash flow beyond his expenses and could better afford to pay the attorney fees than could Wife.

¶ 7 The trial court issued its Memorandum Decision on July 15, 2005. Due to mathematical errors irrelevant to the instant appeal, the trial court issued an Amended Memorandum Decision, with some corrections to dollar amounts, on December 6, 2005. Husband now appeals.

## ISSUES AND STANDARD OF REVIEW

■ ¶ 8 Husband has challenged the propriety of the trial court's division of marital property, namely the stock to which Husband was entitled to purchase through his employment. We " 'will not disturb the trial court's decision [concerning property division] unless it is clearly unjust or a clear abuse of discretion.' " Shepherd v. Shepherd, 876 P.2d 429, 433 (Utah Ct.App.1994) (alteration in original) (quoting Walters v. Walters, 812 P.2d 64, 66 (Utah Ct.App.1991)).

■ ¶ 9 Husband also claims that the trial court erred in calculating his child support and alimony obligations. We will review the trial court's decisions regarding child support and alimony under the abuse of discretion standard. See Jensen v. Bowcut, 892 P.2d 1053, 1055 (Utah Ct.App.1995) (applying the abuse of discretion standard of review for child support determinations); Howell v. Howell, 806 P.2d 1209, 1211 (Utah Ct.App. 1991) (applying the abuse of discretion standard of review for alimony determinations).

## ANALYSIS

### I. Division of Stock

#### A. Trial Court's Award of Stock

■ ¶ 10 Husband claims that the trial court abused its discretion by finding that the Stipulation required him to transfer to Wife twenty-five percent of the approximately 55,000 shares of stock Husband obtained through his employment, and not just a percentage of the 9000 shares he actually had

rights to exercise when the Stipulation was created. " 'There is no fixed formula upon which to determine a division of properties in a divorce action[;] the trial court has considerable latitude in adjusting financial and property interests, and its actions are entitled to a presumption of validity.' " *Shepherd v. Shepherd*, 876 P.2d 429, 433 (Utah Ct.App.1994) (alteration in original) (quoting *Naranjo v. Naranjo*, 751 P.2d 1144, 1146 (Utah Ct.App.1988)).

¶ 11 Here, there is evidence in the record that Husband and Wife decided, a short time before their separation, to allow Husband's employer to continue holding the bulk of Husband's stock options for a longer time period so that they would be able to exercise the options at an improved rate. There is also documentary evidence that, at the time the Stipulation was created, both parties considered the stock options being held by Husband's employer to be marital property. Given this evidence, despite Husband's testimony to the contrary, it was reasonable for the trial court to award Wife twenty-five percent of the value of the stock that the parties had considered marital property, even if the bulk of the stock options were not exercisable at the time of the Stipulation.

### B. Trial Court's Value of the Stock

¶ 12 Husband also claims that the trial court abused its discretion in calculating the cash value of the stock. "Generally, the marital estate is valued at the time of the divorce decree or trial." *Shepherd*, 876 P.2d at 432. "However, in the exercise of its equitable powers, a trial court has broad discretion to use a different date ... when circumstances warrant." *Id.* at 432–33; *see also Peck v. Peck*, 738 P.2d 1050, 1052 (Utah Ct.App.1987) (stating that the value of marital property may be viewed at a time other than the date of the divorce decree or trial when one party has dissipated the asset). "[I]f the trial court uses a date other than the date of the divorce decree, it must support its decision with sufficiently detailed findings of fact explaining its deviation from the general rule." *Shepherd*, 876 P.2d at

433; *see also Rappleye v. Rappleye*, 855 P.2d 260, 262 (Utah Ct.App.1993).

¶ 13 Here, the trial court noted multiple factors supporting its decision to calculate the stock's value based on the average price of the stock on the nine different dates Wife asked Husband for her twenty-five percent. First, the stock was no longer in Husband's possession, as he had sold his shares sometime prior to trial, so a simple transfer of the stock was impossible. Next, the court noted that Wife requested her share of the stock multiple times during an eighteen-month time period. Finally, the trial court found that the price of the stock "fluctuated substantially" during that eighteen-month period. Rather than using either the extreme high or low price during the relevant time period, the trial court simply calculated Wife's award based on the average of the stock's price on the days Wife requested her portion from Husband. This method of calculation, given the unusual factual circumstances of the instant case, is reasonable and shows the court's effort to avoid an inappropriate windfall for either party. The trial court therefore did not abuse its discretion in valuing the stock.

### II.  Child Support

¶ 14 Husband challenges the trial court's decision to adhere to Paragraph 6 in the Stipulation, which precludes consideration of Wife's income in calculating Husband's child support payments. Utah Code sections 78–45–3 and 78–45–4 respectively require every father and every mother to provide support to their children. *See* Utah Code Ann. §§ 78–45–3 to–4 (2002). "The right to support from the parents belongs to the minor children and is not subject to being bartered away, extinguished, estopped or in any way defeated by the agreement or conduct of the parents." *Hills v. Hills*, 638 P.2d 516, 517 (Utah 1981). Parents have "the duty to support the children [they] ha[ve] brought into the world. This duty is inalienable and [parents] cannot rid [themselves] of it by purporting to transfer it to someone else, by contract or otherwise." *Gulley v. Gulley*, 570 P.2d 127, 128–29 (Utah 1977).

¶ 15 In both *Hills* and *Gulley,* the Utah Supreme Court addressed efforts of a parent who had attempted to contract away the duty to provide child support. *See Hills,* 638 P.2d at 516; *Gulley,* 570 P.2d at 128. The court held that the right to receive child support lies with the minor children, not with the spouse who receives the funds on the children's behalf, and it is therefore not a right either parent may "barter[ ] away" or "extinguish[ ]." *Hills,* 638 P.2d at 517; *see also Gulley,* 570 P.2d at 129. Although *Hills* and *Gulley* addressed the duty of a father to provide support, we see no reason why the analysis should not apply equally to both parents.

¶ 16 Here, while Paragraph 6 does not expressly relieve Wife of her duty to provide support, it effectively puts the entire burden of supporting the children on Husband, no matter how much income Wife earns. Taken to the extreme, Paragraph 6 would require Husband to fully support the children even in the event that Wife begins to earn more money than Husband because Wife's income could not be considered in any petition to modify based on a change of circumstances. The trial court's decision to apply Paragraph 6, even after the other provisions dealing with alimony and child support were invalidated, was an abuse of discretion because it allows Wife to avoid her statutory and inalienable common law duty to provide financial support to her children. We therefore remand to the trial court with instructions to consider Wife's income in the calculation of Husband's monthly child support payments.[1]

### III. Husband's Ability to Pay Alimony and Attorney Fees

#### A. Alimony

¶ 17 Husband argues that the trial court abused its discretion by calculating his alimony obligations based on his gross monthly income instead of his net income. Specifically, Husband claims that the trial court improperly ignored his duty to pay taxes and thereby mistakenly overestimated his disposable income. In determining ali-

mony, a trial court must consider, along with other factors not under attack in the instant appeal, "the ability of the payor spouse to provide support." Utah Code Ann. § 30–3–5(8)(a)(iii) (Supp.2007). A trial court's " 'findings of fact must show that the court's judgment or decree follows logically from, and is supported by, the evidence. The findings should be sufficiently detailed and include enough subsidiary facts to disclose the steps by which the ultimate conclusion on each factual issue was reached.' " *Rasband v. Rasband,* 752 P.2d 1331, 1334 (Utah Ct.App. 1988) (quoting *Acton v. Deliran,* 737 P.2d 996, 999 (Utah 1987)) (internal quotations and citation omitted). A trial court's failure to provide adequate findings is reversible error when the facts are not clear from the record. *See id.* at 1334–35 (vacating an alimony award and remanding for adequate findings).

¶ 18 Here, the trial court arrived at its alimony award by awarding Wife half of Husband's monthly disposable income. The trial court determined Husband's disposable income by subtracting certain expenses, including housing, food, transportation, and child support, from Husband's stipulated gross monthly income. The findings of fact are silent on the issue of Husband's tax obligations and monthly net income. Even though there is some evidence in the record concerning the amount of taxes Husband pays, including testimony by Wife and documentary evidence provided by Husband, we cannot ascertain how or if the trial court contemplated Husband's duty to pay taxes in calculating his disposable income. The trial court's findings of fact are not sufficiently detailed to show the steps it took determining Husband's disposable income. We therefore reverse and remand for adequate findings that will show proper consideration of Husband's net income.

#### B. Attorney Fees

¶ 19 Husband also asks us to reverse the trial court's decision requiring him

---

1. We do not comment on whether Wife's current income will require the trial court to alter Husband's support payments. On remand, we merely require the trial court to factor in Wife's income.

to pay Wife's attorney fees below. Before awarding attorney fees in divorce actions, trial courts must consider the recipient spouse's " 'financial need, the payor spouse's ability to pay, and the reasonableness of the requested fees.' " *Kelley v. Kelley,* 2000 UT App 236, ¶ 30, 9 P.3d 171 (quoting *Childs v. Childs,* 967 P.2d 942, 947 (Utah Ct.App. 1998)). The trial court's findings regarding Husband's ability to pay attorney fees are similar to those regarding alimony in that the trial court has not adequately shown the steps it took in reaching its decision. Again, we cannot ascertain how or if the trial court considered Husband's tax obligations in determining his disposable income. A correct calculation of his disposable income is an important step in determining Husband's ability to pay, so we therefore remand to the trial court for more specific and adequate findings.[2] As Wife, the prevailing party below, has not substantially prevailed here, both parties will bear their own costs and fees on appeal.

## CONCLUSION

¶ 20 The trial court did not abuse its discretion in awarding Wife twenty-five percent of the stock in question because there was evidence in the record that the parties considered the nearly 55,000 shares to be marital property at the time of the Stipulation. Also, the trial court's decision regarding the cash value of Wife's percentage of the stock was not an abuse of discretion because Wife made multiple requests for her percentage during a time period when the market value of the stock was fluctuating greatly. The trial court erred by enforcing Paragraph 6 of the Stipulation, which prevents Wife's income from becoming part of the court's child support determinations, because parents cannot barter or contract away their duty to provide for their children. Finally, the trial court's failure to provide adequately detailed findings of fact concerning Husband's disposable income requires us to remand for adequate findings.

2. We do not hold that the amounts awarded Wife in alimony or attorney fees were per se abuses of discretion, only that the trial court's failure to

¶ 21 We therefore affirm in part, reverse in part, and remand.

¶ 22 WE CONCUR: JUDITH M. BILLINGS and JAMES Z. DAVIS, Judges.

disclose all its steps in reaching the challenged awards prevents us from properly reviewing the awards on appeal.